L. L. F. REALTY Co., INC., Plaintiff, *v.* LOUIS FUCHS et al., as Members of the Council of the City of Long Beach, New York, Defendants.

First Department, December 22, 1947.

*Isidor Mates* for plaintiff.

*John Irwin Dugan* of counsel (*Edwin Vandewater, Charles S. Sykes,* attorneys), for defendants.

GLENNON, J. The sole question presented in this submission of a controversy is whether certain real property of the city of Long Beach is subject to taxation within the meaning of article VIII, section 4, of the New York Constitution and section 2.00, subdivision 7 of the Local Finance Law.

For the purpose of complying with an order of the Interstate Sanitation Commission the Council of the City of Long Beach is about to unanimously adopt an ordinance authorizing the construction of certain improvements to the municipality's sewage disposal plant at an estimated cost of $250,000. The proposed ordinance also authorizes the issuance of serial bonds of the municipality for the purpose of defraying the cost of the improvement. Plaintiff, a taxpayer, seeks to enjoin the Council of the City of Long Beach from taking any further action on the matter at this time, contending that the city's present margin of borrowing power does not permit the contracting of an additional indebtedness of $250,000.

The present debt limit of the City of Long Beach is 9½% of the average assessed valuation of its real estate subject to taxation (N. Y. Const., art. VIII, § 4; Local Finance Law, § 104.00, subd. d). The term "average assessed valuation" is defined as "the average assessed valuation of the real property within a municipality * * * subject to taxation for any purpose" and is determined "by averaging the assessed valuation of such real property in the last completed assessment roll and the four preceding assessment rolls * * *" (Local Finance Law, § 2.00, subd. 7).

In determining its legal debt limit the city has computed the average assessed valuation of its real estate subject to taxation to be $39,264,377. That total includes $4,850,506 representing the value of real property against which the city holds and owns tax liens. If those properties are properly included the proposed bond issue will be within the debt limitation imposed by the provisions of the Constitution and the Local Finance Law. On the other hand if they are to be excluded the proposed loan will increase the city's total indebtedness to an amount in excess of its lawful debt limit.

Plaintiff contends that the value of those properties should be excluded since they are not "subject to taxation" within the meaning of the Constitution and Local Finance Law. Its position is based upon the provisions of the city's charter.

The charter of the City of Long Beach (L. 1922, ch. 635, as amd.) provides that the amount of its annual budget is to be levied against the real property appearing on its assessment

roll except those properties which were bid in by the city treasurer at a tax sale or against which the city holds and owns tax liens. In other words the annual city tax levy for the purpose of meeting yearly expenses is not extended to or imposed on such properties. The plaintiff therefore argues that by virtue of the provisions of the charter the properties in dispute were removed from the category of real estate subject to taxation.

The difficulty with the plaintiff's position is that the properties against which the city holds tax liens continue to be subject to taxation, even though the annual city taxes are not extended to them. It is not necessary that they be on the tax rolls in order to render them subject to taxation. The governing body of the city may amend the charter at any time so as to make the annual taxes extendable to them. Moreover, even under the provisions of the charter the properties are at least contingently liable for the annual city taxes since the taxes which would have been due on such properties during the years they were omitted from the tax rolls may ultimately be collected from the owners, or all or a portion of such taxes, collected upon the disposition of the properties at a tax sale.

The effect of the charter provisions is to relieve the city of the futile process of extending and apportioning the annual city taxes to properties already burdened with an accumulation of unpaid taxes. The result of such action would only increase the amount of uncollected taxes and reduce the city's receipts by the same amount. Under such circumstances it would be necessary for the city to prepare a fictitious estimate of its yearly expenses in order to be assured of sufficient revenue. The necessity of such a practice is therefore eliminated by not extending and apportioning the yearly taxes to such properties. In so doing, the city does not exempt the properties from taxation but merely withholds charging them with their share of the taxes accruing during the period that the tax liens against them are held by it.

Moreover, the city would be without power to exempt any of its real estate from taxation and any provision of its charter which tended to do so would be unconstitutional.

Section 3 of the Tax Law provides that " All real property within the state is taxable unless exempt from taxation by law." Section 17 of article III of the Constitution provides in part as follows:

" The legislature shall not pass a private or local bill in any of the following cases:

"* * * Granting to any person, association, firm or corporation, an exemption from taxation on real or personal property.

"* * * The legislature shall pass general laws providing for the cases enumerated in this section, and for all other cases which in its judgment, may be provided for by general laws. * * * "

Section 1 of article XVI provides in part as follows: "* * * Exemption from taxation may be granted only by general laws. * * * "

Since the properties involved are not exempt from taxation by any general or special law, it necessarily follows that they are still subject to taxation.

Judgment should, therefore, be directed in favor of defendants in accordance with the submission.

DORE, COHN, CALLAHAN and VAN VOORHIS, JJ., concur.

Judgment unanimously directed in favor of defendants in accordance with the submission. Settle order on notice.