204 P.2d 168

**In re Adoption of WILCOX.**

**WAGGENER et al. v. WILCOX et ux.**

**No. 5082.**

Supreme Court of Arizona.
March 14, 1949.

As Corrected on Denial of Rehearing
April 5, 1949.

210

Fred W. Fickett, William S. Dunipace and Robert S. Tullar, all of Tucson, for appellants.

Clarence E. Houston and Darrel G. Brown, both of Tucson, for appellees.

UDALL, Justice.

This is an appeal from an interlocutory order in a proceeding initiated by Marguerite Wilcox joined by her husband, Walter Eugene Wilcox, Sr., the natural father, for the adoption of Walter Eugene Wilcox, Jr., a minor of the age (at time of hearing) of eleven years. These adoptive petitioners are hereinafter termed appellees. The natural mother and former wife of Walter Wilcox, Sr., is deceased. The maternal grandparents, W. H. Waggener and Lona Waggener, his wife, having unsuccessfully resisted in the lower court the petition to adopt, have brought their appeal to this court, and they have been joined by the minor acting by and through his guardians and next friends. They will be referred to as appellants.

By reason of the disposition made of the appeal, we consider it unnecessary to either recite further facts or state in detail the legal issues presented in the briefs.

After the appeal was filed the appellees made a timely motion to dismiss contending that there was no statutory right of appeal from an interlocutory order in an adoption case. By a minute order entered on May 12, 1948, this court granted the motion. Pursuant to a motion for a rehearing, we reconsidered our action, and relying in part upon the case of In re Webb's Adoption, 65 Ariz. 176, 177 P.2d 222 (wherein we considered an appeal from a similar inter-

locutory order upon its merits, the question however of a right of appeal being neither raised by the parties nor passed upon by the court), we on June 18, 1948, improvidently vacated the previous order, thus reinstating the appeal. At the oral argument counsel for both appellants and appellees urged that for the future guidance of the bench and bar we expressly pass upon this procedural question in our formal opinion. We were agreeable to this suggestion and have made an intensive study of appellants' right of appeal from the order in question. For the reasons hereinafter stated we have reached the conclusion that our original action was correct, that there is in this jurisdiction no right of appeal from an interlocutory order in an adoption matter.

The contentions of the parties raised upon the motion to dismiss as to the appealability of the interlocutory order can be simply and briefly stated. Appellees maintain that the Arizona statutes fail to contain any provision for an appeal from an interlocutory order in adoption cases, and as the right of appeal is a creature of statute and appeals can be taken only in the time and manner provided by law, In re Sullivan's Estate, 38 Ariz. 387, 300 P. 193, there can be no appeal from such an order. Appellants, on the other hand, take the position that our statutes permit this appeal, placing reliance upon certain subsections of the general appeal statute, section 21-1702, A.C.A.1939, and upon section 27-209, A.C.A.1939. This latter section specifically provides for an appeal from a decree of adoption, and under the pronouncement of this court speaking through Justice Ross in Sargent v. Superior Court, 28 Ariz. 605, 238 P. 387, 388, we must find any authorization for an appeal in adoption cases within the confines of this section alone. The court stated in that case: "* * * An adoption proceeding is a statutory one, and is governed by the terms of the statute providing for it. (Citing authorities.) If our adoption statute were silent on the right of appeal, it is possible the general statute governing such right might be invoked in aid thereof, but the adoption statute is not silent. It provides from what and by whom an appeal may be taken, and, in effect, excludes the right of appeal in all other cases. * * *"

We direct our attention, then, to section 27-209, supra, which reads: "Appeal.— Any petitioner, parent, guardian, or other person having the custody of a child, may appeal to the Supreme Court from a decree of adoption as in other appeals; and the child adopted may, by next friend, appeal in like manner, but no bond shall be required or costs awarded against such child or next friend."

This section originally came into our laws in 1913, sec. 1197, R.S.1913, and was enacted in its present form and wording in the 1928 revision of the Code, appearing as section 125. Prior to 1933 our statutes provided for a single hearing and order or decree of

adoption. Sections 122 and 123, R.C.A. 1928. No provision existed authorizing an interlocutory order, and therefore the appeal statute gave a remedy only from the decree of adoption as it then existed, i. e., a single, final order permanently transferring the legal rights of natural parents to another or others. In 1933 the legislature amended section 123, supra, so as to provide for an interlocutory order, to precede by a period of at least one year the granting of a final decree of adoption. Chapter 57, section 3, Laws 1933, now section 27-207, A.C.A.1939. It seems clear that in providing for this one-year probationary period, during which time the child to be adopted was to live with the adoptive parents, the legislature imposed a safeguard aimed at determining with some certainty that the child's best interests would be promoted by the adoption. The terms of this section (27-207, supra) express the intent of the lawmakers to be that until the final order of adoption is entered pursuant to statutory provisions, the minor child is not yet adopted, that up until that time the child is in law still the child of the natural parents. The strongest possible reinforcement for this proposition is in the wording of the statutes themselves:

"The court * * * if satisfied that the interests of the child will be promoted by the adoption, shall make an interlocutory order setting forth the facts and declaring that *from the date of the final order of adoption in such case,* if such final order be afterwards entered, as hereinafter provided, such child, to all legal intents and purposes, will be the child of the petitioner or petitioners and that its name may be *thereby* changed. * * *" (Emphasis supplied.) Section 27-207, supra.

"* * * The natural parents shall, *by such final order of adoption,* be divested of all legal rights and obligations in respect to the child, and the child shall be free from all legal obligations of obedience and maintenance in respect to them; * * *." (Emphasis supplied.) Section 27-208, A. C.A.1939.

Nor is our position weakened by the additional language of this last section: "* * * such child shall from and after the entry of the interlocutory order herein provided for be, to all intents and purposes, the child and heir at law of the person so adopting it, and entitled, to all the rights and privileges and subject to all the obligations of a child of such person begotten in lawful wedlock."

We cannot but take notice of the use in the preceding two quoted portions of sections 27-207 and 27-208, supra, of the word "legal", and its omission before "intents and purposes" in this last quoted portion of the latter section. It appears to us that the omission was deliberate, that the legislature was here attempting to define the general position and standing of the minor child insofar as its treatment was concerned while it remained with the petitioners under an interlocutory order of court. Such an interpretation brings this

portion of the section into harmony with the language which goes before. As we construe these statutory provisions in toto, it is only the final order of adoption that is in truth a "decree of adoption," it is *that* adjudication which vests and divests legal rights and duties; it is the *final* order that causes a legal adoption and works a legal change of name. Though by and under the interlocutory order the minor child may be *treated* as the child of the petitioners, it is by and under the final order that the minor child *becomes* and *is* the child of the adoptive petitioners.

We now must reconsider section 27-209, supra, in light of the foregoing. It provides for an appeal to this court by persons having custody of a minor child from a "decree of adoption", and for an appeal through next friend by "the child adopted". The words "the child adopted" and "decree of adoption" were doubtless used advisedly by the legislature and clearly indicate that the appeal contemplated is from that order of court which gave finality to the adoption proceeding, the order which effectuated in law an adoption of the minor child. As at the time of its enactment only a single "final" order of adoption was authorized by our law, and quoted words must refer to the same order or "decree". Our construction of this section becomes inescapable when we consider that it was in existence in its present form prior to the enactment by the legislature of the provision for an interlocutory order. It could not have

been intended by the framers of the appeal statute that it should apply to and cover what was not yet in existence, i. e., an interlocutory order in an adoption proceeding.

Appellants contend that as at the time of the passage of the statute providing for an interlocutory order the appeal statute was neither repealed nor amended, the legislature must have intended that said section was to apply to interlocutory as well as final orders. This position might be tenable if the language of the appeal section was broad enough to embrace interlocutory orders. Then the rule of statutory construction to the effect that it is presumed that when a legislature enacts a provision it has in mind the previous statutes relating to the same subject matter, see Sutherland Statutory Construction, 3rd edition, volume 2, section 5201, might properly be invoked. But where as here the statute expresses the legislative intent in no uncertain language, no such presumption can be invoked to extend the words used in the earlier statute beyond their obvious meaning. Through section 27-209, supra, our legislature granted, without ambiguity the right to appeal from what was prior to 1933 the *only* order of adoption, and what is subsequent to 1933, a *final* order of adoption. It is a final order of adoption that is now the "decree of adoption", and it is by such order or decree that the minor child is adopted.

We hold that no appeal lies to this court from an interlocutory order in an adoption matter. This is the only reasonable and proper interpretation of the language of section 27-209, viewed, as it must be, in connection with its companion statutory provisions relating to the adoption of minor children. We can perceive of no valid reason why the safeguard of an appeal from the interlocutory order should not be granted by the lawmaking body, but our duty is to interpret the provisions of the statutes as we find them.

It is only fair to the litigants to state that even though the jurisdictional question had been determined otherwise, the judgment of the lower court would have been affirmed on its merits. A very careful review of the entire record has convinced us that: (1) The trial court's refusal to make a written statement containing a summary of the court's private conversation with the child in chambers, particularly with reference to the latter's attitude toward the adoption, was not reversible error. The interview, it was agreed, was to be wholly "off the record", and litigants may not on appeal "about face" and assign as error the failure of the court to do that which they had expressly stipulated it need not do. (2) The court had jurisdiction to enter the interlocutory order in the adoption proceeding as the previous order in the guardianship matter was in no sense res judicata. (3) The evidence, viewed most favorably to a sus-taining of the interlocutory order, shows no manifest abuse of legal discretion on the part of the trial court in its finding that "the best interests of the child will be promoted by the adoption".

In accordance with our conclusion that we are without jurisdiction to entertain this appeal, our original order of May 12, 1948, dismissing the appeal is reinstated.

Appeal dismissed.

ARTHUR T. LaPRADE, C. J., and STANFORD, PHELPS and DeCONCINI, JJ., concur.