466 P.2d 41

E. FRY, Appellant,

v.

The MAYOR AND CITY COUNCIL OF SIERRA VISTA, Arizona, and the City of Sierra Vista, a municipal corporation of Cochise County, Arizona, and the Employees and Agents of said City of Sierra Vista, Appellees.

No. 2 CA–CIV 762.

Court of Appeals of Arizona, Division 2.

March 10, 1970.

Rehearing Denied April 14, 1970.

Review Denied May 19, 1970.

Gentry, McNulty, Toci & Borowiec, by
James F. McNulty, Jr. and Matthew W.
Borowiec, Bisbee, for appellant.

Fred P. Talmadge, City Atty., for City of Sierra Vista, and J. Mercer Johnson, Special Counsel, Tucson, for appellees.

HOWARD, Chief Judge.

This appeal presents for review a judgment in favor of the appellees (hereinafter referred to as defendants) ordering dismissal of appellant's (hereinafter referred to as plaintiff) petition challenging the validity of an annexation by the City of Sierra Vista.

The grounds for plaintiff's challenge was that the annexation petition was signed by the owners of less than one-half the value of the real and personal property subject to taxation by the City of Sierra Vista in the event of annexation. The case was tried to the court, sitting without a jury, which expressly found that the total value of property subject to taxation in the area sought to be annexed was $310,066.83; that, as per stipulation, the owners of property in the amount of $91,895.00 had signed the annexation petition and the owners of property in the amount of $65,835.83 had not signed; and that the petition had been signed by other owners of property valued at $76,496.00 and had not been signed by other owners of property valued at $75,840.-00. The court made additional findings as to the individual valuations of the property owned by the latter category of signers and nonsigners of the petition. The foregoing findings were summarized as follows:

| | | |
|---|---|---|
| Valuation of Stipulated Signers of Petition | $ 91,895.00 | |
| Valuation of Additional Signers of Petition | 76,496.00 | |
| TOTAL | $168,391.00 | $168,391.00 |
| Stipulated Valuation of Non-Signers on Petition | $ 65,835.83 | |
| Valuation of Additional Non-Signers of Petition | 75,840.00 | |
| TOTAL | $141,675.83 | $141,675.83 |
| Total Valuation in Area Sought to be Annexed | | $310,066.83 |

The court further found that the annexation petition was signed by the owners of more than one-half in value of the real and personal property, subject to taxation in the area sought to be annexed; that the total valuation of their property was $168,391.00, that pursuant to the petition the procedural requirements of A.R.S. § 9–471, subsec. A had been complied with, and that the petition and annexation ordinance were in all respects lawful and valid.

From these findings, the trial court concluded that the plaintiff had failed to prove the material allegations of his petition, and that the annexation of the subject area was valid. Judgment was entered in favor of the defendants ordering dismissal of plaintiff's claim.

If, as contended by the plaintiff, the annexation petition did not comport with statutory requirements, the governing body of Sierra Vista had no jurisdiction to enact the ordinance challenged in these proceedings. Town of Scottsdale v. State, ex rel. Pickrell, 98 Ariz. 382, 405 P.2d 871 (1965); 2 McQuillin Municipal Corporations (3rd ed.) § 7.30; see also Manning v. Reilly, 2 Ariz.App. 310, 408 P.2d 414 (1965). A.R.S.

§ 9–471, as amended, provides in pertinent part:

"A. A city or town may extend and increase its corporate limits in the following manner:

1. On presentation of a petition in writing signed by the owners of not less than one half in value of the real and personal property as would be subject to taxation by the city or town in the event of annexation, in any territory contiguous to the city or town, as shown by the last assessment of the property, and not embraced within the city or town limits, the governing body of the city or town may, by ordinance, annex the territory to such city or town.

\*   \*   \*   \*   \*   \*

E. For the purpose of determining the sufficiency of the percentage of the value of property under this section, such values of property shall be determined as follows:

1. In the case of property assessed by the county assessor, value shall be the same as shown by the last assessment of the property.

2. In the case of property assessed by the state tax commission, value shall be appraised and assessed by the state tax commission in the manner provided by law for municipal assessment purposes.

F. The county assessor and the state tax commission, respectively, shall furnish to the city or town within thirty days after a request therefor, a statement in writing showing the appraisement and assessment of all such property."

In late summer of 1968, the defendants requested of the Cochise county assessor a statement in writing as to the property in the area sought to be annexed, as required by subsection F, supra. This statement was timely furnished and included, inter alia, as to certain property owners, the value of their merchandise or stock in trade.

The major thrust of plaintiff's appeal is directed to the inclusion of this "inventory" property in the value of the property "subject to taxation." In essence, he contends that since art. 9, § 2, as amended in 1964, A.R.S., Arizona Constitution,[1] mandated exempton of such property from taxation, it was ipso facto excluded from the property valuation, and the requisite percentage required under A.R.S. § 9–471, supra, was not satisfied.

Art. 9, § 2, Arizona Constitution, defining property subject to taxation and exemptions therefrom, provides in part:

" \* \* \* Stocks of raw or finished materials, unassembled parts, work in process or finished products constituting the inventory of a retailer or wholesaler located within the state and principally engaged in the resale of such materials, parts or products, whether or not for resale to the ultimate consumer *shall* be. exempt from taxation." This section shall be self-executing. (Emphasis ours.)

Plaintiff argues that this constitutional exemption of inventory property requires no affirmative action on the part of the taxpayer, or, in other words, that no claim for exemption need be filed. To resolve this question, we must consider the effect of certain statutes. At the time of the 1964 constitutional amendment which added "inventory" to the categories of property exempted from taxation, A.R.S. § 42–274 provided:

"A. A person claiming exemption from taxation under the provisions of § 2, article 9, constitution of Arizona, shall appear before the county assessor and make affidavit as to his eligibility, answering fully all questions appearing on a form provided by the county assessor for such purpose or otherwise propounded \* \* \*."

To date this statute has not been altered, amended or repealed. A.R.S. § 42–275 provides (1) that the assessor, in his discretion, may require additional factual proof

---

1. Art. 9, § 2 was again amended in 1968. However, at the time of this annexation, the 1964 amendment appertained.

"before allowing an exemption" and (2) that failure to file an affidavit as required by § 42–274 or furnish additional proof by a specified time, "shall be deemed a waiver of such exemption." The substance of this statute has not been altered, the only change being that of the time requirement for filing the affidavit or presentation of additional proof. The procedure, affidavits and forms "required to carry into effect tax exemptions on property specified in § 2, art. 9, Constitution of Arizona, is to be prescribed by a designated state agency. See A.R.S. § 42–272. (This power was originally in the state tax commission and is now in the Department of Property Valuation.)

We agree with plaintiff that the mandatory language of art. 9, § 2 with regard to a retailer's inventory requires no legislative implementation to effect the exemption. However, in the absence of constitutional restrictions or limitations, the right to an exemption may be waived. 84 C.J.S. Taxation § 226. Our Supreme Court of Arizona has sustained the constitutionality of A.R.S. §§ 42–274 and 42–275 as applied to veterans' exemptions from taxation, also a constitutional grant under art. 9, § 2. See State v. Allred, 67 Ariz. 320, 195 P.2d 163, 4 A.L.R.2d 735 (1948). The court sustained the legislative power to regulate the procedural aspects of this self-executing constitutional provision, stating:

"* * * We hold that while the legislature cannot take away the right of exemption, it may, and has, established a reasonable procedure for the voluntary assertion or waiver of the right. We are of the opinion that the very nature of the constitutional exemption provision here in question makes additional legislation both permissible and desirable, as without it the taxing officials would be unable to determine, from year to year, just what property was exempt from taxation * * *." 67 Ariz. at 329–330, 195 P.2d at 170.

The court, quoting from Chesney v. Byram, 15 Cal.2d 460, 101 P.2d 1106 (1940),

recognized that "the burden should be upon the person claiming the exemption to establish his right thereto." (67 Ariz. at 327, 195 P.2d at 168.)

Plaintiff contends that the *Allred* case is inapposite since the veterans' exemption and the inventory exemption are distinguishable. He argues as to the former, it is logical and reasonable to require filing of a claim for exemption since the property owner's name affords no clue to its exempt status. We are unimpressed with this argument and cannot say, as a matter of law, that either by virtue of the owner's name or the very character of inventory property, the exempt status of the property is apparent. We can conceive of various situations where mere visual examination of property in a retail establishment would not reveal whether it is exempt from taxation as merchandise or whether it is taxable as personal property of the retailer used in his business operation.

We are of the opinion that A.R.S. § 42–274 was intended to apply to inventory property. As noted above, at the time of the amendment of art. 9, § 2 in 1964, this statute applied to one "claiming exemption from taxation under the provisions of § 2, article 9, constitution of Arizona." We presume that when the constitutional amendment was enacted by the electors of this state, without expression of a contrary intent, that they were aware of the existence of A.R.S. § 42–274. Arizona State Board of Directors for Junior Colleges v. Phoenix Union High School Dist., 102 Ariz. 69, 424 P.2d 819 (1967). In re Adoption of Wilcox, 68 Ariz. 209, 204 P.2d 168 (1949). Had they intended to exclude inventory property from the operation of the statute, they could have done so either by amendment of the statute or by amendment of art. 9, § 13 exempting manufacturers' inventory from taxation, to include retailers' inventory. (A.R.S. § 42–274 is not applicable to this constitutional provision.)

At the time these annexation proceedings commenced in the early fall of

1968, A.R.S. § 42–274 contained no exception as to inventory property. Under these circumstances, we presume that *no* exception was intended. Bowen v. Chemi-Cote Perlite Corp., 5 Ariz.App. 28, 423 P.2d 104 (1967), vacated on other grounds, 102 Ariz. 423, 432 P.2d 435 (1967); 82 C.J.S. Statutes § 382b. Therefore, if the requisite affidavit was not made as to such property, the "waiver" provision of A.R.S. § 42–275 would become operative.

■■ No useful purpose would be served by detailed consideration of whether or not the respective claims for exemption as to inventory property included in the assessment valuation complied with the statutory procedure. Suffice it to say that all were defective either as to timeliness or as to format, hence the exemption was deemed waived. Assessment is the official estimate of the sums which are to constitute the basis of an apportionment of taxation and necessarily includes the valuation of property subject to taxation. 84 C.J.S. Taxation § 391. Consequently, the waiver of the respective rights to exemption herein involved rendered the inventory property "subject to taxation" and their values were properly included in the assessor's statement furnished to the governing body of Sierra Vista.

■ The property values shown are the last assessment of the property located in the area to be annexed, hence controlled the determination of the sufficiency of the annexation petition. A.R.S. § 9–471, as amended; State v. Town of Benson, Cochise County, 95 Ariz. 107, 387 P.2d 807 (1963). Whether or not this property was in fact ultimately subjected to taxation is immaterial, since the term "subject to taxation" merely means liable to taxation rather than that the property must be subjected to taxation. Cf. L. L. F. Realty Co. v. Fuchs, 273 App.Div. 111, 75 N.Y.S.2d 356 (1947).

We have examined the other contentions raised by the plaintiff and deem it unnecessary to discuss them. Assuming arguendo that they would have the effect propounded by the plaintiff as to the property valuation, in view of our sustaining the inclusion of the inventory property in the valuation, the sufficiency of the annexation petition as to the requisite percentage would not be affected.[2]

For the reasons herein stated, we find no error in the trial court's dismissal of the plaintiff's petition and the judgment is affirmed.

KRUCKER and HATHAWAY, JJ., concur.

---

2. At the time of oral argument, plaintiff's counsel so conceded.