[No. 2428–3.    Division Three.    April 13, 1978.]

CARL E. JOHNSON, ET AL, *Appellants,* v. THE CITY OF SPOKANE, *Respondent.*

*David D. Kilpatrick,* for appellants.

*Richard Wrenn, City Attorney, Larry Winner, Assistant, Lukins, Annis, Bastine, McKay & Van Marter, P.S.,* and *Martin G. Weber,* for respondent.

MUNSON, C.J.—The plaintiff brought this action for an order restraining the City from considering the petition for annexation of the land around Beacon Hill until the requirements of RCW 35.13.130 had been met and for a determination of whether the city's property could be included within the valuation determination to meet the 75 percent requirement of the statute, thus determining if the petition had been signed by the necessary 75 percent of the owners under RCW 35.13.130.

This case was submitted to the trial court on stipulated facts; those facts essential to this appeal are set out below.

Pursuant to RCW 35.13.125–.160, on February 17, 1977, a petition for annexation of land near Beacon Hill was filed with the Spokane city clerk. The petition for annexation

was signed by the five legal or equitable owners of 19 parcels of land (five additional parcels are not pertinent to this appeal). One of these owners is the City of Spokane. These 19 parcels comprise 95.3 percent of the land valuation ($69,670) and 76.6 percent of the total valuation of both land and improvements ($102,470). That portion of the 19 parcels owned by the City of Spokane is exempt from payment of general ad valorem property taxes under Const. art. 7, § 1 (amendment 14) and RCW 84.36.010. If the value of the city–owned property subject to the petition were to be excluded from the computations, those persons signing the petition for annexation would represent 94.9 percent of the land valuation, but only 69.5 percent of the total valuation of land and improvements.

■ RCW 35.13.010 provides that property not already incorporated as part of a city or town may be annexed to the city or town to which it lies contiguous. Such annexation can be commenced by petitioning the city or town. RCW 35.13.125–.160. RCW 35.13.130 specifically provides in pertinent part:

> [T]he petition must be signed by the owners of not less than seventy–five percent in value, according to the assessed valuation for general taxation of the property for which annexation is petitioned.

The trial court concluded that the City of Spokane was an "owner," that the City of Spokane has a right to petition the city for annexation of property owned by it, and that the phrase "assessed valuation for general taxation of the property" contained within RCW 35.13.130 was merely the standard by which to determine the value of the property, but did not limit the property to be included in the calculations necessary for annexation. Plaintiff now appeals the trial court's determination. We conclude that for purposes of allowing the City of Spokane to petition for annexation, the City of Spokane is an "owner" under RCW 35.13.130.

In *Parosa v. Tacoma*, 57 Wn.2d 409, 357 P.2d 873 (1960), the court primarily dealt with the issue of which of two statutes on incorporation and annexation were applicable.

After determining that the original statute was the applicable statute, because the later–enacted statute had been improperly enacted, the court briefly considered the question whether the Port of Tacoma had the authority to petition for annexation. The court stated:

> Appellant's argument that the Port of Tacoma has no authority to petition the city for annexation of its own property is without merit. RCW chapter 53.08 endows such districts with power to own land, one of the attributes of which is the right to petition for annexation by a city. RCW 35.13.130.

*Parosa v. Tacoma, supra* at 417. The version of that statute in effect at the time of the *Parosa* decision stated in pertinent part:

> The petition shall be in writing, *signed by the owners of not less than seventy–five percent (75%) in value, according to the assessed valuation for general taxation of the property* for which annexation is petitioned, . . .

(Italics ours.) Laws of 1945, ch. 128, § 3, p. 328. For purposes of this appeal, the version of that statute in effect at the time of *Parosa* is identical to that in effect now. RCW 35.21.010 gives the City of Spokane the power to own land; therefore, the City of Spokane, as an owner of land situated outside an incorporated city, has the right to petition for the annexation of that property under RCW 35.13.130. *Parosa v. Tacoma, supra.*

The phrase "value, according to the assessed valuation for general taxation of the property for which annexation is petitioned" in RCW 35.13.130 is the legislature's designation of the standard for determining if the owners of 75 percent of the land by value have signed the petition. It was necessary for the legislature to designate the criteria for determining value (here "the assessed valuation for general taxation of the property") in order to avoid disputes as to the applicable standard for valuation and to have fair and consistent valuations of all property readily available whenever there is a petition for annexation.

In addition, the phrase "value, according to the assessed valuation for general taxation of the property" does not require that the property actually be taxed. *Cf. Fry v. Mayor & City Council,* 11 Ariz. App. 490, 466 P.2d 41, 46 (1970). Although the property is exempt from taxation (RCW 84.36.010), RCW 84.40.175 requires the county assessor to list tax exempt property. The city's property, although tax exempt, is considered and dealt with as part of the general legislative scheme for real property taxation. The fact that the City of Spokane does not pay taxes is insufficient to exclude the City of Spokane as an owner under RCW 35.13.130. *Cf. Fry v. Mayor & City Council, supra.*

Plaintiff contended the legislation requiring the assessor to value the land is not applicable to property exclusively in the possession of the city. Before it was amended in 1976, RCW 84.40.175 stated:

> At the time of making the assessment of real property, the assessor shall enter each description of property exempt under the provisions of RCW 84.36.005 through 84.36.060, and value and list the same in the manner and subject to the same rule as he is required to assess all other property, designating in each case to whom such property belongs, and for what purpose used, to entitle it to exemption, and he shall require from every person claiming such exemption proof of the right to such exemption.[1]

In 1976, the statute was amended with the following provisos added:

> *Provided,* That with respect to publicly owned property exempt from taxation under provisions of RCW 84.36-.010, the assessor shall value only such property as is leased to or occupied by a private person under an agreement allowing such person to occupy or use such property for a private purpose *when a request for such valuation is received from the department of revenue* for use in an audit of the taxable rent as provided for in

---

[1]The property owned by the City of Spokane is exempt from taxation under RCW 84.36.010.

RCW 82.29A.020(2)(b): *Provided further,* That this section shall not prohibit any assessor from valuing any public property leased to or occupied by a private person for private purposes.

(Italics ours.) In discussing the statutory rules of construction as to provisos, the court in *Seattle v. Western Union Tel. Co.,* 21 Wn.2d 838, 850, 153 P.2d 859 (1944), quoted *Sackman v. Thomas,* 24 Wash. 660, 64 P. 819 (1901):

"Now, it is a rule of construction that where the enacting clause is general in its language and objects, and a proviso is afterwards introduced, that proviso is construed strictly, and takes no case out of the enacting clause which does not fall fairly within its terms. In short, a proviso carves special exceptions only out of the enacting clause, and those who set up any such exception must establish it as being within the words, as well as within the reason, thereof."

■ The original portion of RCW 84.40.175 was general in its language. The provisos added to RCW 84.40.175 in 1976 were part of legislation dealing with valuating leaseholds, when so requested by the Department of Revenue. *See* Senate Journal, 44th Legislature (1975), at 468. Thus, in applying the above statutory construction rule, the provisos should be construed so as to place upon the county assessor an *affirmative duty* to value publicly owned property leased to or occupied by a private person when requested by the Department of Revenue or at the discretion of the assessor. The addition of the proviso should not be construed so as to interfere with the original portion of the statute which requires the county assessor to enter a description of the tax exempt property, its value, and list the property as he does all other property. The fact that WAC 458–12–160 requires that property owned exclusively by a public exempt body is to be removed from the assessment and taxation roles should not be construed as contradicting RCW 84.40.175, which requires the county assessor to list and value all property, including that tax exempt.

The trial court properly concluded that the City of Spokane was an owner within RCW 35.13.130, and therefore a proper signator on the petition for annexation of property to the City of Spokane. The petition met the requirements of RCW 35.13.130 as to valuation; the City could properly consider it.

Since the City of Spokane is a proper signator on the petition for annexation, if the City passes an ordinance annexing the property subject to the petition, that ordinance would not be void ab initio as asserted by the plaintiff. Therefore, that assignment of error by the plaintiffs is without merit.

Judgment affirmed.

GREEN and MCINTURFF, JJ., concur.

Reconsideration denied June 2, 1978.

Review denied by Supreme Court November 3, 1978.