## IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

## DIVISION  II

| | |
|---|---|
| CLARK COUNTY, a political subdivision of the State of Washington, | No.  49023-4-II |
| Respondent, | |
| v. | |
| DAVID A. DARBY, | UNPUBLISHED OPINION |
| Appellant, | |
| EDNA STEINHAUER AGUN & HELEN ANDERSON CRAIG AGUN; CRAIG ANDERSON; WAYNE LORENZO APLING; YVETT M. BADDGOR & JESSIE (C/B) BADDGOR; JEFFREY M. BANNAN; DONALD RAY BLANCHARD & KIM BLANCHARD; DOUGLAS E. CARDON; THOMAS CARLISLE & GAIL CARLISLE; GARNET W. CHRISTIAN III & MICHAEL D. CHRISTIAN & MARK A. CHRISTIAN; CORNERSTONE CONSULTANTS; EQUITY BUILDERS PROP. LLC; ORVALEE A. FARRIS; FEDERAL NATIONAL MORTGAGE ASSOCIATION; RICHARD FLEMING & CHERYL FLEMING; DALE GAWLEY; ADELE GLASS; DEUTSCHE BANK NATIONAL TRUST COMPANY; GRANITE HIGHLANDS LLC; VIKKI HAINES & RICHARD PETERSON; DEBORAH HANSEN; COREY D. HARRIS & JULINE K. HARRIS; JAMES W. HAUENSTEIN & RENEE HAUENSTEIN; | |

No. 49023-4-II

MICHELLE D. HETTRICK; GLEN D. HOLLAR; ARLEEN D. GRAVES JACKSON; MARGARET JORGENSON ESTATE; AMIR KHAZENI & DEBORAH KHAZENI; TODD KOOISTRA & BRIDGET KOOISTRA; HELEN LILIANA LANGSTON; LIFETIME LEASING & LIFETIME RESOURCES; KIMBERLY D. MANECKE & JOSEPH MANECKE; ORVILLE MARSH & ROSALIE MARSH; SHARI L. MCCLENNEN; JUNE MCCOURT; ROBERT D. MEDEROS & TRACI I MEDEROS; KATHERINE MEYER ESTATE; RYAN MOSS & KERI MOSS; ERIK ODONNELL & KELLY ODONELL; PACIFIC MOUNTAIN DEVELOPMENT INC.; KIMBERLY PENNINGTON 50%; PETE PEREZ & BERNADETTE PEREZ; BRADLEY R. PERSHING & CHRISTINA L. PERSHING; MICHAEL RUPE & ANGELA RUPE; DAVID L. RUTH & PAMELA RUTH; JULIE RYAN; BENJAMIN SAGON & ANITA SAGON; SLD PROPERTIES LLC; SOPER HILL PROPERTIES INC; JOSEPH G. SPEARS; JOHN L. SULLIVAN & JULIANA SULLIVAN; SANDRA SWANSON; STEVEN TUCK & BONNIE TUCK; GREGG STEWART WALKER; CHARLES WALLACE; THOMAS WALLING & CARRIE WALLING; ANTHONY WILLBANKS & SARAH WILLBANKS,

Defendants.

JOHANSON, J. — David A. Darby appeals the superior court's order denying his CR 60(b)(5) motion. Darby sought to set aside the superior court's order granting Clark County's (the County) summary judgment motion and the superior court's judgment of foreclosure in a tax foreclosure proceeding. The County requests sanctions under RAP 18.9(a). We hold that the

2

superior court properly denied Darby's CR 60(b)(5) motion. We also grant the County's motion for sanctions. We affirm.

FACTS

I. TAX FORECLOSURE ACTION AND SUMMARY JUDGMENT

In September 2012, the Clark County Treasurer filed a certificate of delinquency initiating a tax foreclosure proceeding against Darby. The County alleged that Darby had not paid real property taxes on his property for three or more years. In October, the treasurer filed a notice and summons of intention to file application for judgment foreclosing tax liens against Darby.

In June 2014, the County moved for summary judgment authorizing the tax foreclosure sale of Darby's property. It argued that there was no question of fact as to whether Darby had paid the delinquent property tax for more than three years. The County supported its motion for summary judgment with a declaration from Clark County Treasurer Doug Lasher.

In his declaration, Lasher stated that the outstanding taxes, interest, foreclosure costs, and penalty accrued on Darby's property from the second half of 2008 to 2014 totaled $22,988.71. He further asserted that on May 17, 2012, Darby had been notified that his property would be subject to foreclosure if the taxes, penalty, and interest were not paid by February 2013 and that Darby did not pay.

Lasher further stated that the treasurer's office issued a notice and summons to Darby advising him that the treasurer's office intended to seek a judgment foreclosing the tax liens and attached a copy of the October 2012 notice and summons to his declaration. Lasher also asserted that Darby had been served in person at the treasurer's office on November 30, 2012 and attached

a copy of the proof of service. Lasher stated that as of June 23, 2014, Darby had still not paid the delinquent taxes.

Three days before the hearing on the County's summary judgment motion, Darby filed his own summary judgment motion and a response to the County's summary judgment motion. In his summary judgment motion, Darby asserted that the laws the County was trying to enforce were unconstitutional and that the county treasurer and county auditor had failed to rebut his demand that the County "prove in Constitutional Law that the county has the right to tax and control [his] Land Patented land." Clerk's Papers (CP) at 473. He asserted that under his "Land Patent," no government could tax his property unless it had an interest in the property. And he demanded that the County prove that the tax was lawful under the "supreme law of the land" found in the 1787 federal constitution and bill of rights and the 1878 Washington Constitution. CP at 473. Darby asserted that because the County had not "rebutted" various "affidavits"[1] he had filed with the County and the court, those affidavits established the "truth" and he was entitled to summary judgment. CP at 473.

On July 31, Darby filed an amended response to the County's summary judgment motion.[2] In this response, he again argued that the County did not have the authority to collect delinquent real property taxes under the 1878 Washington Constitution and the "Land Patent Law pursuant to Article 1, Section 10 of the 1787 Constitution for the United States of America." CP at 554-55.

---

[1] Darby did not identify these affidavits with any specificity in his summary judgment motion. He appears to refer to numerous documents he had earlier submitted to the court and the County.

[2] In his original response, Darby asserted that he had not received any discovery and that the County could not prove its case without first proving that the statutes it was relying on were valid under the federal constitution, the Bill of Rights, and the 1878 Washington Constitution.

He further asserted that there were genuine issues of material fact because (1) the County had not presented any "competent fact witness" or other "authentic" evidence,[3] (2) he had provided "testimony before the Court and in the court record," and (3) Clark County had not presented evidence showing that the 1878 Washington Constitution had been amended to allow for taxation of private property or that the 1878 Washington Constitution was "fraudulent." CP at 555-57. In addition, he suggested that there were "standing" issues under article III of the United States Constitution. CP at 557. Darby also attached a motion to compel discovery, asking that the superior court compel the County to "provide all the documents that prove in constitutional law that the county has the constitutional authority to foreclose on property that has a lawful Land Patent listing the Defendant David A. Darby as the titled owner."[4] CP at 478.

That same day, the County moved to strike Darby's response and summary judgment motion as untimely under CR 56(c). The County also asserted that even if the court were to consider Darby's filings, Darby appeared to concede that there were no genuine issues of material fact preventing summary judgment because he did not dispute that (1) he owned the property in question, (2) he had been assessed $22,988.71 in property taxes, and (3) he had not made any payments.

The summary judgment hearing was held on August 1, 2014. The superior court granted the County's summary judgment motion and authorized the foreclosure sale after finding that there were no disputes as to any material facts. In its order, the superior court stated that it "ha[d] heard

---

[3] He asserted that the County had only provided statements from counsel, which were not evidence.

[4] In the motion to compel, Darby mentions the documents described in note 2, *supra*.

oral argument and reviewed the pleadings, files and records herein, including Clark County's Motion for Summary Judgment and supporting materials and Defendant's responsive briefing."[5] CP at 1126.

Rather than appeal the foreclosure action, Darby filed a new action and a CR 60 motion under a new cause number. *See Darby v. Clark County*, noted at 192 Wn. App. 1069, 2016 WL 917807, at *1. The superior court dismissed the new action and the CR 60 motion. *Darby*, 2016 WL 917807, at *2. In an unpublished opinion filed in March 2016, we affirmed the superior court, noting that Darby could not challenge the superior court's decision in the foreclosure action by means of another, separate action. *Darby*, 2016 WL 917807, at *3.

## II. CR 60 MOTION

On May 2, 2016, apparently in response to our appellate decision, Darby filed a motion in the tax foreclosure action in which he asserted he was bringing a CR 60(b)(5) "[c]ollateral attack to vacate a void Order and Judgement [sic] of Foreclosure." CP at 590 (emphasis omitted). In this motion, he appears to assert that the judgment was "void" because (1) the County did not present any evidence supporting its summary judgment motion, (2) the County's failure to rebut his affidavits demonstrated that the court had no jurisdiction, that his property was not subject to lien under the "Land Patent" laws, and that he was a sovereign citizen, (3) the County had no standing because it had no interest in Darby's property, (4) the tax lien was unlawful and the court had no jurisdiction under the 1878 Washington constitution, and (5) the tax lien was unlawful

_____

[5] It appears that the superior court did not consider Darby's summary judgment motion at this hearing, but we are unable to verify this because we do not have the record from the summary judgment hearing before us. Darby does not argue that the superior court erred when it refused to consider his summary judgment motion.

because the State had no contract with Darby. Two days later, Darby filed a motion entitled "Plaintiff's Collateral Attack to Vacate a Void Order" in the original foreclosure action.[6] On May 17, the County responded, arguing that the superior court should deny Darby's motion because it failed to set forth any legal or factual basis to support any relief "and represents an improper attempt to circumvent Washington's appellate process." CP at 1138.

The next day, Darby filed a "Memorandum in Support" of his motion, which appears to be a reply to the County's response to the CR 60 motion. Darby argued that the judgment was void, apparently based on lack of subject matter jurisdiction under the 1878 Washington Constitution and because of his status as a sovereign citizen. Darby also appeared to argue that (1) the superior court was required to apply less stringent standards to him because he was pro se,[7] and (2) summary judgment for the County was improper because the superior court considered counsel's arguments as evidence and the County did not dispute his (Darby's) "testimony."[8]

At the May 20 hearing on the CR 60 motion, Darby stated that he would rely on his briefing. The County asserted that Darby's motion did not articulate any factual or legal basis for relief and that Darby did not seem to be seeking any relief. The County also asserted that it believed that

---

[6] Our record contains only a "citation" Darby filed on May 4, 2016 and a supporting brief filed May 18. It is unclear whether Darby filed additional supporting materials on May 4. The County's May 17 response suggests that there was additional briefing with the May 4 filing, but the County's response may be referring to Darby's May 2 filing.

[7] Darby's citations to *Haines v. Kerner*, 404 U.S. 519, 92 S. Ct. 594, 30 L. Ed. 2d 652 (1972), and *Platsky v. Central Intelligence Agency*, 953 F.2d 26 (2nd Cir. 1991), suggest this issue.

[8] This appears to be a reference to the affidavits and other documents that Darby had filed with the court.

7

Darby was just trying to circumvent the rules and appeal despite the fact that he previously waived his appeal by not filing one. Darby stated that he had no response to that argument.

The superior court denied Darby's motion. The superior court stated,

> Self-represented litigants may file their pleadings in accordance with the civil rules. You failed to do this in the underlying case almost two years ago.
> In fact, I recall when you left the courtroom at the time of my decision, you stated on the record that you should not have listened to the person that you had consulted. The person hadn't filed some pleadings that appeared with you in court.
> You have been given a chance to be heard, and I'm denying your motion to vacate.
> The County had legal standing to foreclose for failing to pay the property taxes.

Report of Proceedings at 4-5.

Darby appeals the denial of his CR 60 motion.

ANALYSIS

Raising a variety of issues, Darby appeals the superior court's denial of his CR 60(b)(5) motion. Darby does not establish that the superior court erred when it denied his motion.

I. STANDARD OF REVIEW

Generally, we review a trial court's decision on a motion to vacate under CR 60(b) for abuse of discretion. *Mitchell v. Wash. State Inst. of Pub. Policy*, 153 Wn. App. 803, 821, 225 P.3d 280 (2009) (citing *Haller v. Wallis*, 89 Wn.2d 539, 543, 573 P.2d 1302 (1978)). "'An abuse of discretion is present only if there is a clear showing that the exercise of discretion was manifestly unreasonable, based on untenable grounds, or based on untenable reasons.'" *Mitchell*, 153 Wn. App. at 821 (quoting *Moreman v. Butcher*, 126 Wn.2d 36, 40, 891 P.2d 725 (1995)). A superior court's "'decision is based on untenable grounds or made for untenable reasons if it rests on facts unsupported in the record or was reached by applying the wrong legal standard.'" *Mitchell*, 153

Wn. App. at 821-22 (internal quotation marks omitted) (quoting *State v. Rohrich*, 149 Wn.2d 647, 654, 71 P.3d 638 (2003)). However, a trial court's denial of a CR 60(b)(5) motion based upon a claim that the judgment is void for lack of jurisdiction is reviewed de novo. *Ahten v Barnes*, 158 Wn. App. 343, 350, 242 P.3d 35 (2010).

## II. JURISDICTIONAL ISSUES

Darby brought his motion under CR 60(b)(5). CR 60(b)(5) provides that "the court may relieve a party or the party's legal representative from a final judgment, order, or proceeding for the following reason: . . . The judgment is void." "A void judgment is a 'judgment, decree or order entered by a court which lacks jurisdiction of the parties or of the subject matter, or which lacks the inherent power to make or enter the particular order involved.'" *State ex rel. Turner v. Briggs*, 94 Wn. App. 299, 302-03, 971 P.2d 581 (1999) (internal quotation marks omitted) (quoting *Dike v. Dike*, 75 Wn.2d 1, 7, 448 P.2d 490 (1968)).

Reading Darby's pleading broadly, the jurisdictional issues Darby raised in his CR 60(b)(5) motion were based on his claims that (1) the superior court lacked jurisdiction under the 1878 Washington Constitution, (2) the County had no standing under article III of the United States Constitution because it had no contractual relationship to him (Darby) or an interest in the property at issue, and (3) the superior court failed to recognize that he is a private citizen and therefore not subject to "STATE OF WASHINGTON," because it is a "corporation" that has no authority over a "Private Natural Born Sovereign Citizen[ ] of Washington State" other than by contract. Br. of Appellant at 11.

Darby's claim that the only true constitution in effect is Washington's so called "First Constitution"[9] from 1878, and he is, under this constitution, a sovereign citizen not subject to the jurisdiction of the superior court has no merit. Washington's Constitution was ratified by the people on October 1, 1889, and came into effect on November 11, 1889, when Washington was granted statehood in accordance with the Enabling Act, 25 U.S. STATUTES AT LARGE, ch. 180, p. 676 (1889). The 1878 constitution to which Darby refers was ratified in 1878, when the Washington Territory made its first bid for statehood, but this constitution never came into effect because the territory did not achieve statehood that year.[10] Because the 1878 constitution was never effective, Darby's jurisdictional argument based on the 1878 constitution fails.[11]

---

[9] *See* Meany & Condon, *Washington's First Constitution*, 9 Wash. Hist. Q. 131 (1918), reprinted in E. Meany & J. Condon, *Washington's First Constitution, 1878, and Proceedings of the Convention* 19 (1924), http://lib.law.washington.edu/waconst/sources/Wash1stConst.pdf (last visited July 28, 2017).

[10] *Id.*

[11] Darby also asserts that the superior court and the County "are committing treason against the 1878 Constitution." Br. of Appellant at 12. This argument also fails because the 1878 constitution never came into effect.

Darby also claims that the superior court judge violated his oath of office and the 1878 constitution by not requiring the County to prove jurisdiction under the 1878 constitution and by failing to comply with or ignoring various articles in the 1878 constitution. Darby refers to "*Parosa v. Tacoma*," "*Johnson v. City of Spokane*," and *Gerberdinger v. Munroe*" without a citation. Br. of Appellant at 10. Darby's reference to *Parosa* could be a reference to *Parosa v. City of Tacoma*, 57 Wn.2d 409, 357 P.2d 873 (1960), or *Port of Tacoma v. Parosa*, 52 Wn.2d 181, 324 P.2d 438 (1958). *Johnson v. City of Spokane* could refer to one of three citations: 72 Wash. 298, 130 P. 341 (1913); 29 Wash. 730, 70 P. 122 (1902), or 19 Wn. App. 722, 577 P.2d 164 (1978). None of these cases supports the proposition that the 1878 constitution is "the supreme law of Washington State" or that properly enacted codes and statutes are not law. Br. of Appellant at 10. We were not able to find any case named *Gerberdinger v. Munroe*. Again, because the 1878 constitution never came into effect, these arguments have no merit.

No. 49023-4-II

Darby also asserts that the superior court lacked jurisdiction because the County lacked standing under article III of the United States Constitution,[12] which requires an injury. Darby appears to contend that the County has suffered no injury because it does not have a contractual or property interest in the property. Darby cites no authority establishing that the County must have an interest in the property to foreclose on property when a property owner fails to pay his or her property taxes. Thus, Darby does not show a lack of jurisdiction on this basis.

Darby's argument that the superior court failed to recognize that he is a private citizen and therefore not subject to "STATE OF WASHINGTON" because it is a "corporation" that has no authority over a "Private Natural Born Sovereign Citizen[ ] of Washington State" other than by contract argument also fails. Br. of Appellant at 11. To support this argument, Darby refers us to "the 1943 Clearfield Doctrine." Br. of Appellant at 11. This appears to be a reference to *Clearfield Trust Co. v. United States*, 318 U.S. 363, 318 U.S. 744, 63 S. Ct. 573, 87 L. Ed. 838 (1943). *Clearfield* addressed the rights and obligations of the United States with respect to commercial paper when the government is acting in a business capacity—it is irrelevant to Darby's jurisdictional claim and does not establish that the State of Washington is a corporation. 318 U.S. at 366. Accordingly, Darby fails to cite to any authority supporting his argument and this argument fails.

---

[12] Article III standing requires that the complaining party demonstrate (1) an "injury in fact"—a harm that is both "concrete" and "actual and imminent, not conjectural or hypothetical"; (2) causation; and (3) redressability.
*In re Estate of Duxbury*, 175 Wn. App. 151, 167 n.14, 304 P.3d 480 (2013) (internal quotation marks omitted) (quoting *Vermont Agency of Nat. Res. v. United States ex rel. Stevens*, 529 U.S. 765, 771-72, 120 S. Ct. 1858, 146 L. Ed. 2d 836 (2000)).

11

III. NONJURISDICTIONAL CLAIMS

In addition to his jurisdictional claims, Darby also presents several nonjurisdictional claims. Even presuming these arguments relate to and were properly raised in Darby's CR 60(b)(5) motion, these argument have no merit.

A. RELIANCE ON PROSECUTOR'S ARGUMENT AND LACK OF EVIDENCE

Darby argues that the superior court judge failed to consider cases such as *Trinsey v. Pagliaro*, 229 F. Supp. 647 (E.D. Pa. 1964), and *United States v. Lovasco*, 431 U.S. 783, 97 S. Ct. 2044, 52 L. Ed. 2d 752 (1977). It appears that Darby is referring to these cases, at least in part, for the premise that the superior court could not ignore proper procedure and consider facts outside the record, such as statements of counsel in their briefs or argument. *See Trinsey*, 229 F. Supp. at 649; *Lovasco*, 431 U.S. at 790. This appears to relate to Darby's contentions that the County was not entitled to summary judgment because it presented no evidence and that the superior court considered the County's argument as evidence. The record does not support this argument. The County presented evidence in the form of Lasher's declaration and its supporting documentation, and the superior court's summary judgment order states that it had considered the County's "supporting materials." CP at 1126. Thus, Darby does not show that the superior court's decision was based only on the County's argument.

Darby also appears concerned that the superior court relied on the County's argument at the CR 60(b)(5) hearing, in which the County asserted that Darby had failed to support his motion, failed to ask for any relief, and appeared to be attempting to circumvent the fact that he failed to file an appeal of the summary judgment order. Nothing in the record shows that the superior court relied solely on the County's arguments and failed to review Darby's filings. In fact, the superior

court expressly stated that it had "reviewed the pleadings." CP at 1126. Accordingly, this argument fails.

## B. SELF-REPRESENTED LITIGANT STANDARDS

Darby also asserts that the superior court erred by holding him to the same standard as an attorney. Although the federal court rules require that the federal courts hold a self-represented litigant to a lower standard, *see Haines v. Kerner*, 404 U.S. 519, 520, 92 S. Ct. 594, 30 L. Ed. 2d 652 (1972), the federal rules do not apply to Washington courts. Under Washington law, self-represented litigants "are bound by the same rules of procedure and substantive law as attorneys." *Westberg v. All-Purpose Structures Inc.*, 86 Wn. App. 405, 411, 936 P.2d 1175 (1997). Accordingly, regardless of whether Darby is referring to the superior court's actions during the summary judgment proceedings or during the CR 60(b)(5) motion proceedings, this argument fails.

## IV. MISCELLANEOUS MATTERS

In addition to the issues related to his CR 60(b)(5) motion, Darby asks that if we rule against him, we file findings of fact and conclusions of law. This court decides appeals by opinion; we are not required to issue findings of fact and conclusions of law. RCW 2.06.040 ("In the determination of causes all decisions of the court shall be given in writing and the grounds of the decisions shall be stated.").

Darby also requests a variety of relief. Because we affirm the superior court, Darby is not entitled to relief. Accordingly, we do not address his individual requests.

To the extent Darby raises other claims, they fail, either because they relate to actions that occurred during the summary judgment hearing, which is not before this court,[13] or because they are unsupported by reasoned argument or citation to authority. *See Cowiche Canyon Conservancy v. Bosley*, 118 Wn.2d 801, 809, 828 P.2d 549 (1992). To the extent that Darby raises new claims in his reply, we do not consider new issues raised for the first time on appeal in a responsive brief. RAP 10.3(c).

Because Darby fails to show that the superior court abused its discretion when it denied his CR 60(b)(5) motion, we affirm the superior court.

## V. SANCTIONS

The County moves for sanctions, attorney fees, and costs under RAP 18.9(a) for having to respond to a frivolous appeal. RAP 18.9(a) provides in part,

> The appellate court on its own initiative or on motion of a party may order a party . . . who . . . files a frivolous appeal . . . to pay terms or compensatory damages to any other party who has been harmed by the delay or the failure to comply or to pay sanctions to the court.

"[A]n appeal is frivolous if it raises no debatable issues on which reasonable minds might differ and it is so totally devoid of merit that no reasonable possibility of reversal exists." *Protect the Peninsula's Future v. City of Port Angeles*, 175 Wn. App. 201, 220, 304 P.3d 914 (2013). "All doubts as to whether the appeal is frivolous should be resolved in favor of the appellant." *Advocates for Responsible Dev. v. W. Wash. Growth Mgmt. Hr'gs Bd.*, 170 Wn.2d 577, 580, 245 P.3d 764 (2010).

---

[13] For instance, Darby's brief mentions the superior court excluding an individual from the summary judgment hearing. This matter does not relate to the superior court's jurisdiction and was not before the superior court under CR 60(b)(5).

No. 49023-4-II

Even the most generous reading of Darby's appeal demonstrates that it raises no debatable issues and is entirely devoid of merit. Accordingly, we grant the County's motion for sanctions and award attorney fees and costs on appeal upon its compliance with RAP 18.1.

A majority of the panel having determined that this opinion will not be printed in the Washington Appellate Reports, but will be filed for public record in accordance with RCW 2.06.040, it is so ordered.

JOHANSON, J.

We concur:

MAXA, A.C.J.

LEE, J.

15