[No. 52602-8.   En Banc.   September 11, 1986.]

EAST GIG HARBOR IMPROVEMENT ASSOCIATION, ET AL, *Appellants*, v. PIERCE COUNTY, ET AL, *Respondents*.

*Smith, Alling, Hudson & O'Connor,* by *Robert E. Mack* and *Edward G. Hudson,* for appellants.

*William H. Griffies, Prosecuting Attorney,* and *Robin Jenkinson, Deputy; Gordon, Thomas, Honeywell, Malanca, Peterson & Daheim,* by *Thomas L. Fishburne,* for respondents.

UTTER, J.—The court below dismissed a preliminary plat approval appeal by the East Gig Harbor Improvement Association. The court held that the Association did not have standing and that the Association failed to serve the County properly. We reverse and remand. None of the legislation cited by the respondents precludes the Association from pursuing its appeal.

The East Gig Harbor Improvement Association is a 10–year–old association of 55 member families. A self–proclaimed purpose of the Association is to monitor land use development and county regulation of land use development in the East Gig Harbor area. An additional purpose is to represent its members in matters concerning land development.

In 1979 a developer applied to Pierce County for preliminary plat approval of a development near Gig Harbor known as Harbor View West. At hearings on the plat approval a former president of the Association presented the views of the Association. The County approved the application in 1980.

The plat approval expired in 1983. At that time First State Bank, successor in title to the Harbor View West property, again applied for plat approval. The new plat approval application differed significantly from the original. Various members of the Association appeared at public hearings to object to a proposed road that they argued was unnecessary to serve the development's lots.

On March 20, 1984, the Pierce County Council approved the preliminary plat application without changing the

objectionable road plans. On April 19, 1984, the Association filed an Application for Writ of Review and Original Petition for Removal of Nuisance in Pierce County Superior Court, asking that the preliminary plat approval be reviewed.

On April 23, 1984 (about 34 days after plat approval and 4 days after filing for review), the Association mistakenly served notice of its appeal on First Interstate Bank, and on April 24 the Association served the Pierce County Council Clerk. The Association eventually effected service on First State Bank on May 12, 1984 (about 53 days after plat approval and 23 days after filing), and on the County Auditor on June 6, 1984 (about 78 days after plat approval and 48 days after filing).

On July 20, 1984 the trial court, after hearing oral arguments and accepting memoranda on the matter, dismissed the Application for Writ of Review. The court denied the application for writ on two grounds. First, the court held that under RCW 58.17.180 the Association lacked standing to apply for the writ. Second, the court held that service had been improper. The court held that under Pierce County Code 67.02.160(E) service on the County had to be made within 30 days of the date of the final Council decision, and further that service had to be made upon the County Auditor within that time period.

The Association sought review of the trial court decision in Division Two of the Court of Appeals. On March 26, 1986, the Court of Appeals transferred the case to this court. We will consider two issues raised by the parties. First, does the Association have standing under RCW 58.17.180 to challenge a plat approval if one of its members has standing?[1] Second, when the Association filed its notice

---

[1]The respondents challenge the Association's ability to raise the issue of standing. The respondents argue that the Association failed to raise the issue properly in the court below. *See, e.g.,* RAP 2.5(a). Although the issue was not clearly framed in the court below the parties did argue the issue and did discuss relevant authority in their briefs. As long as the trial court had sufficient notice of the issue to know what legal precedent was pertinent this court will not refuse to

of appeal under Pierce County Code 67.02.160(E) did it then have 90 days to serve all necessary parties? We answer both questions in the affirmative.

■ Courts generally entertain only those cases in which a litigant demonstrates "standing", a specific personal interest in the controversy. *See, e.g., Baker v. Carr,* 369 U.S. 186, 204, 7 L. Ed. 2d 663, 82 S. Ct. 691 (1962). Earlier courts used this requirement of "standing" to rule that a nonprofit corporation, citizens' group, club, or similar association could not appear in court unless it could prove standing in its own right. *See, e.g., Kemp v. Putnam,* 47 Wn.2d 530, 288 P.2d 837 (1955). In 1963, however, the United States Supreme Court ruled that the NAACP had standing to represent one of its members as long as that member had standing to litigate. *See NAACP v. Button,* 371 U.S. 415, 428, 9 L. Ed. 2d 405, 83 S. Ct. 328 (1963). *See also International Union, United Auto., Aerospace & Agricultural Implement Workers v. Brock,* ___ U.S. ___, 91 L. Ed. 2d 228, 106 S. Ct. 2523, 2533 (1986). In 1973 this court held that under *NAACP v. Button, supra,* an association can have standing to challenge a preliminary plat approval. *Loveless v. Yantis,* 82 Wn.2d 754, 513 P.2d 1023 (1973). In 1978 this court used a more detailed analysis to rule that a citizens' group has standing to challenge a city's rezoning action as long as one member has standing to do so. *Save a Valuable Env't v. Bothell,* 89 Wn.2d 862, 867, 576 P.2d 401 (1978). Under these principles the Association has standing to challenge Pierce County's preliminary plat approval as long as one of its members has standing.

The respondents argue that when the Legislature enacted RCW 58.17.180 it intended to restrict standing to those corporations, associations, and other groups that actually own property. RCW 58.17.180 provides in pertinent part:

Any decision approving or disapproving any plat shall be reviewable . . . Standing to bring the action is limited

consider the issue. *See, e.g., Osborn v. Public Hosp. Dist. 1,* 80 Wn.2d 201, 492 P.2d 1025 (1972).

to the following parties:

(1) The *applicant or owner of the property* on which the subdivision is proposed;

(2) *Any property owner* entitled to special notice under RCW 58.17.090;

(3) *Any property owner* who deems himself aggrieved thereby and who will suffer direct and substantial impacts from the proposed subdivision.

(Italics ours.)

█ The respondents' argument is not well taken. Generally courts can assume that a legislature acquiesces in the judicial construction of a statutory term when it amends the statute without changing that term. *Ellis v. Department of Labor & Indus.*, 88 Wn.2d 844, 567 P.2d 224 (1977). RCW 58.17.180 has limited appeals to property owners since it was enacted in 1969. *See* Laws of 1969, 1st Ex. Sess., ch. 271, § 18. This court extended standing to associations representing property owners in *Loveless v. Yantis, supra,* 4 years after the statute's enactment. Nevertheless, the Legislature did not change the "property owner" language when it amended the statute in 1983. *See* Laws of 1983, ch. 121, § 5.

Furthermore, the respondents' interpretation of RCW 58.17.180 offers no legitimate practical advantage. The standing rule of *Loveless v. Yantis, supra,* does not increase the number of potential appeals of plat approvals beyond the number intended by the Legislature. An association does not have standing to appeal unless it can prove that one of its members has standing under RCW 58.17.180. *Loveless,* 82 Wn.2d at 758. Thus the number of appeals by associations will never be greater than the number of individuals entitled to appeal. The only effect of the respondents' theory would be to preclude appeals by individuals without the resources to pursue litigation.

The respondents also argue that even if the Association can have standing under RCW 58.17.180 without being a "property owner" the Association has not proved that it qualifies for standing under RCW 58.17.180(3). As noted above, RCW 58.17.180(3) limits standing to appeal a plat

approval to "[a]ny property owner who deems himself [*sic*] aggrieved thereby and who will suffer direct and substantial impacts from the proposed subdivision."

The respondents did not raise this challenge below and the relevant facts have not been well developed. Nevertheless, we will point out that the Association has standing under the *second* subsection of RCW 58.17.180. This provision confers standing upon "[a]ny property owner entitled to special notice under RCW 58.17.090". RCW 58.17.180(2). RCW 58.17.090(2) entitles individuals who own land adjacent to a proposed subdivision to special notice of plat approval hearings. The Association has established that two of its members, Mr. and Mrs. Deeds, own property adjacent to the subdivision at issue. *See* Affidavit of Thomas Morfee, Clerk's Papers, at 56. Since Mr. and Mrs. Deeds thus have standing to appeal the plat approval the Association also has standing to appeal.

We also conclude that the Association had 90 days to serve all necessary parties after it filed its notice of appeal. In *North St. Ass'n v. Olympia*, 96 Wn.2d 359, 635 P.2d 721 (1981), this court ruled that service of process for a plat approval challenge was governed by CR 3(a) and RCW 4.16.170. CR 3(a) provides "a civil action is commenced by service of a copy of a summons . . . An action shall not be deemed commenced for the purpose of tolling any statute of limitations except as provided in RCW 4.16.170." RCW 4.16.170 provides in pertinent part:

> For the purpose of tolling any statute of limitations an action shall be deemed commenced when the complaint is filed or summons is served whichever occurs first. If service has not been had on the defendant prior to the filing of the complaint, the plaintiff shall cause one or more of the defendants to be *served personally . . . within ninety days from the date of filing the complaint.*
> . . .

(Italics ours.) Accordingly, this court ruled that the North Street Association had 90 days after filing an application for a writ to serve all necessary parties. 96 Wn.2d at 366–

67.

The respondents argue that the Pierce County Code differs from the local ordinances considered in *North St. Ass'n.* In *North St. Ass'n,* this court considered a local ordinance that allowed parties 30 days to appeal a plat approval. When the court ruled that the parties had 90 days from the date of filing to effect service of process, the court emphasized that the local ordinance did not mention "notice" or "service" in conjunction with its time limitation. 96 Wn.2d at 359. In contrast, the Pierce County Code mentions service:

> The action of the Counsel, approving or rejecting a decision of the Examiner, is final and conclusive *unless within thirty (30) days* from the date of the action an aggrieved party or person files an appropriate action in Superior Court for the purpose of reviewing the action taken, *and serves all necessary parties.*

(Italics ours.) Pierce County Code 67.02.160(E).

█ The respondents' argument is not persuasive. The phrase "and serves all necessary parties" is separated from the rest of the sentence by a comma. A comma serves many functions, but its purpose always is to set a phrase apart from the rest of the sentence. Skelly, *Verbatim,* 13 Student Law. 11 (1984). In this case the result of setting the phrase "and serve all necessary parties" apart by a comma is to separate it from the 30–day time limitation of Pierce County Code 67.02.160(E). We conclude that the ordinance does not impose a 30–day time limit on serving parties to the appeal of the plat approval.

The parties raise several other issues that we do not need to discuss in light of our disposition of these issues. We reverse the trial court's order of dismissal and remand the case for further proceedings.

DOLLIVER, C.J., BRACHTENBACH, PEARSON, ANDERSEN, CALLOW, GOODLOE, and DURHAM, JJ., and CUNNINGHAM, J. Pro Tem., concur.