[No. 39006-6-I.   Division One.   September 29, 1997.]

KING COUNTY WATER DISTRICT NO. 90, ET AL., *Respondents*, v. THE CITY OF RENTON, *Appellant*.

216

*Lawrence J. Warren* of *Warren, Kellogg, Barber, Dean & Fontes, P.S.*, for appellant.

*Peter J. Eglick* of *Helsell, Fetterman, L.L.P.*, for respondents.

KENNEDY, J. — The City of Renton appeals the trial court's order reversing the decision of the Washington State Boundary Review Board for King County approving the City's proposed annexation of a portion of the East Renton Plateau community. The City contends that the trial court erred: (1) in concluding that the Boundary Review Board lacked jurisdiction to consider the annexation petition; (2) in concluding that the 30-day service requirement of the Administrative Procedure Act did not apply to this appeal; and (3) in imposing sanctions under CR 11. The City also challenges the Superior Court's jurisdiction over the respondents' appeal. Finding no error, we affirm.

## FACTS

In the spring of 1995, certain residents of the East

Renton Plateau community petitioned the City of Renton to annex a 400-acre parcel of property pursuant to RCW 35A.14.120-.901 One of the petitioners was the Renton School District, whose Maplewood Elementary School was located within the proposed annexation area. Under RCW 35A.14.120, an annexation petition must contain the signatures of owners of at least 60 percent of the total assessed value of all property in the proposed annexation area. With the School District's signature, the petition met the requirements of RCW 35A.14.120. Without the School District's signature, the petition contained the signatures of owners of only 58.62 percent of the total assessed value of all the property.

During a regular meeting in April of 1995, the Renton City Council accepted the annexation petition. On May 3, 1995, without adopting an ordinance formally approving the proposed annexation, the City Council submitted a notice of intent to annex to the Boundary Review Board for King County (BRB).

King County Water District No. 90 and a group of annexation-area property owners (collectively, "respondents") opposed the annexation. They petitioned the BRB for review under RCW 36.93.100(3), arguing that the City of Renton's notice of intent to annex was not properly before the BRB because the petition in support of the annexation did not contain "sufficient, *lawful* signatures." In a letter to the BRB, the respondents explained that they contended that the School District lacked the authority to sign the annexation petition, and without its signature, the petition contained the signatures of owners of only 58 percent of the total assessed value of all the property. The respondents requested that the BRB thus summarily deny the proposed annexation.

The BRB held a public hearing on the proposed annexation on September 21, 1995. At the outset of the hearing, counsel for the BRB stated that, having accepted the City's certification of the annexation petition, the BRB would

not examine the legal sufficiency of the petition. Counsel noted, however, that the respondents' challenge was made part of the record "in the event there's any legal challenge down the line to determine the legal sufficiency later on of the annexation petition." The BRB then addressed the issue of whether the proposed annexation met the substantive statutory criteria. Following the close of public testimony, the BRB voted unanimously to approve the proposed annexation, and on October 13, 1995, issued a written decision summarizing its conclusions. The decision was mailed to respondent King County Water District No. 90, but not to respondents Norman and Cynthia Green, two property owners who opposed the petition.

On October 20, 1995, the respondents appealed the BRB decision approving the annexation. They argued, inter alia, that the BRB erred in approving the annexation because the Renton School District lacked the authority to sign the petition, and without its signature, the petition was legally insufficient. In response, the City of Renton filed three motions to dismiss, arguing that the court lacked jurisdiction to consider the appeal, that the Water District lacked standing, and that the respondents failed to join the School District, an indispensable party. Following briefing and argument, the court rejected each of the motions to dismiss.

The case proceeded to trial on May 20, 1996. At trial, the City argued that the issue of the School District's authority to sign the annexation petition was properly decided by the City of Renton, and was not subject to review by the BRB. The City asserted that the respondents should have appealed its decision to accept the School District's signature directly, and because they failed to do so, the time for appeal had passed. Addressing the merits, the City also argued that the School District possessed the authority to sign the annexation petition because its ownership of property included the right to sign the petition.

The court rejected the City's arguments. It held that

because the City Council neither passed an ordinance nor entered final judgment with respect to the School District's authority to sign the annexation petition, there was no action "requiring initiation of judicial review prior to action by the Boundary Review Board." The time for the respondents' appeal thus had not passed. The court further held that because the School District lacked the authority to sign the annexation petition, and because the petition lacked the requisite number of signatures without that of the School District, the BRB lacked jurisdiction to consider the annexation. The court thus reversed the BRB's approval of the annexation.

The City of Renton timely appealed the trial court's reversal of the BRB's decision.

## DISCUSSION

### I. Standard of Review

■ Upon appeal of a superior court decision reviewing action taken by a boundary review board, this court applies the standards contained in the Boundary Review Board Act, RCW 36.93.160, directly to the record before the BRB rather than to the decision of the superior court. *King County v. Washington State Boundary Review Bd.*, 122 Wn.2d 648, 671-72, 860 P.2d 1024 (1993); *Snohomish County v. Hinds*, 61 Wn. App. 371, 375, 810 P.2d 84 (1991). RCW 36.93.160(6) provides, in pertinent part, that the court may reverse the decision of the BRB if:

> any substantial rights may have been prejudiced because the administrative findings, inferences, conclusions, or decisions are:
>
> (a) In violation of constitutional provisions, or
>
> (b) In excess of the statutory authority or jurisdiction of the board, or
>
> (c) Made upon unlawful procedure, or
>
> (d) Affected by other error of law, or
>
> (e) Unsupported by material and substantial evidence in view of the entire record as submitted, or

(f) Clearly erroneous.

An aggrieved party may seek appellate review of any final judgment of the superior court in the manner provided by law as in other civil cases.

RCW 36.93.160(6).

## II. Jurisdiction of BRB to Consider Annexation Petition

The City of Renton contends that the trial court erred in concluding that the BRB lacked jurisdiction to consider the annexation petition. It argues that, contrary to the trial court's conclusions, the School District possessed either the direct or implied power to sign the annexation petition, and because the petition met the 60 percent requirement of RCW 35A.14.120 with the School District's signature, the BRB properly approved the annexation.[1]

██ School Districts are creatures of statute. *Noe v. Edmonds Sch. Dist. No. 15*, 83 Wn.2d 97, 103, 515 P.2d 977 (1973) (citing *Seattle High Sch. Chapter No. 200 of Am. Fed'n of Teachers v. Sharples*, 159 Wash. 424, 293 P. 994, 72 A.L.R. 1215 (1930)). As such, they can exercise only those powers that "the legislature has granted in express words, or those necessary or fairly implied in, or incident to, powers expressly granted or those essential to the declared objects and purposes of such district." *Noe*, 83 Wn.2d at 103 (citing *Seattle High Sch.*, 159 Wash. at 428).

---

[1]As a preliminary matter, the City contends that the trial court never obtained jurisdiction of the issue of the validity of the School District's signature. It argues that the respondents waived their right to appeal by failing to challenge directly the School District's authority to sign the petition and the City's acceptance of the District's signature. We reject the City's argument. First, the City cites no authority for its proposition that the respondents' remedy "must be by extraordinary writ or declaratory judgment." Second, as the trial court found, the City Council neither passed an ordinance nor entered final judgment with respect to the School District's authority to sign the annexation petition. There was thus no formal ruling that the respondents could have appealed. Finally, RCW 36.93.160(6)(b) expressly provides that one of the issues to be resolved on appeal of a BRB's decision is whether the BRB exceeded its jurisdiction. Because the validity of the School District's signature was directly relevant to the BRB's jurisdiction to approve the annexation, the issue was properly raised before the trial court.

█ RCW 28A.335.110 governs the annexation of school property. It provides:

> In addition to other powers and duties as provided by law, every board of directors, if seeking to have school property annexed to a city or town and *if such school property constitutes the whole of such property in the annexation petition, shall be allowed to petition therefor under RCW 35.13.125 and 35.13.130.*

RCW 28A.335.110 (emphasis added). Although the City of Renton asserts that RCW 28A.335.110 does not place limitations on a school district's authority to petition for annexation of school property, we conclude otherwise. The plain language of the statute conditions a school district's authority to petition for annexation on the presence of one primary factor: the school property must constitute the whole of the property to be annexed. It is undisputed that this factor is not present in this case.

█ Focusing on the introductory language of RCW 28A.335.110, the City nonetheless asserts that "[b]y its language this statute grants extra powers." The City appears to argue that in addition to the method of annexation set forth in RCW 28A.335.110, school districts possess, as an attribute of their ability to own land, a general power to petition for annexation. The City's argument is without merit. First, although the City relies on *Parosa v. City of Tacoma*,[2] and *Johnson v. City of Spokane*,[3] neither case supports its argument. In *Parosa* and *Johnson*, the courts held that the Port of Tacoma and the City of Spokane, respectively, had the right to petition for annexation of their property under RCW 35.13.130 because that right was an attribute of their power to own property. *Parosa*, 57 Wn.2d at 417; *Johnson*, 19 Wn. App. at 725. In neither case, however, had the Legislature limited by statute the Port's or the City's ability to participate in an annexation. Because the Legislature, through the enactment

---

[2] 57 Wn.2d 409, 357 P.2d 873 (1960).

[3] 19 Wn. App. 722, 577 P.2d 164 (1978).

of RCW 28A.335.110, has expressly limited a school district's ability to participate in an annexation, this case is distinguishable on its facts.[4]

■ Moreover, the City of Renton's argument that school districts possess a power above and beyond that set forth in RCW 28A.335.110 ignores the rule that the district, as a creature of statute, can exercise only those powers expressly granted or fairly implied in legislative enactments. *See Municipality of Metro. Seattle v. Division 587, Amalgamated Transit Union*, 118 Wn.2d 639, 643, 826 P.2d 167 (1992); *Noe*, 83 Wn.2d at 103. Its argument would also render inoperative the specific provisions of RCW 28A.335.110. *See Klein v. Pyrodyne Corp.*, 117 Wn.2d 1, 13, 810 P.2d 917 (1991) (holding that no part of a statute should be deemed inoperative or superfluous unless it is the result of obvious mistake or error).

■ The City next asserts that, as a code city, it exercises annexation authority under RCW 35A.14.120. It argues that because the limitation of the School District's authority to sign annexation petitions applies to petitions filed under RCW 35.13.125 and 35.13.130, and because the City does not exercise annexation authority under those statutes, the limitations of RCW 28A.335.110 are inapplicable in this case. The City's argument is misplaced. First, Title 35A expressly provides that code cities' relationships with school districts are governed by Title 28A:

> Code cities shall have the authority to enter into contracts for joint acquisition of land and improvement thereof with

---

[4]Significantly, following the court's opinion in *Johnson*, the Legislature amended RCW 35.13.130 to provide in pertinent part: "That in cities and towns with populations greater than one hundred sixty thousand located east of the Cascade mountains, the owner of tax exempt property may sign an annexation petition and have the tax exempt property annexed into the city or town, *but the value of the tax exempt property shall not be used in calculating the sufficiency of the required property owner signatures unless only tax exempt property is proposed to be annexed into the city or town*." RCW 35.13.130 (emphasis added). The annexation statute at issue in *Johnson* and *Parosa* thus now contains a limitation applicable to tax exempt property that is comparable to the limitation applicable to school property set forth in RCW 28A.335.110.

school districts. Code cities and their relationship with public schools, colleges and school districts shall be governed by the provisions of general law, *including Titles 28A* and 28B RCW.

RCW 35A.28.010 (emphasis added). Thus, the absence of a cross-reference in RCW 35A.14 to RCW 28A.335.110 is irrelevant. Second, the Legislative grant of authority to a school district to petition for annexation is set forth in RCW 28A.335.110. Despite the fact that the City of Renton exercises its authority under Title 35A, the limitations of RCW 28A.335.110 will never be inapplicable when a school district is a petitioning party.

■ Because the requirements of RCW 28A.335.110 were not met in this case, the School District lacked the authority to sign the annexation petition. Without the School District's signature, the petition in support of the proposed annexation was insufficient under RCW 35A-.14.130. Because the proposed annexation was not supported by a legally sufficient petition, we conclude that the BRB lacked jurisdiction to consider the annexation, and the trial court properly reversed its approval.

*III. School District as an Indispensable Party*

■ The City next contends that the trial court erred in denying its motion to dismiss for failure to join the School District, an entity it characterizes as an indispensable party. We disagree. CR 19(a)(2)(A) mandates joinder when an entity claims an interest in the subject matter of the action and is so situated that the disposition of the action in its absence may impair or impede its ability to protect that interest. *Coastal Bldg. Corp. v. City of Seattle*, 65 Wn. App. 1, 5, 828 P.2d 7 (1992) (citing *Veradale Valley Citizens' Planning Comm. v. Board of County Comm'rs*, 22 Wn. App. 229, 234-35, 588 P.2d 750 (1978)). Here, because the School District did not possess an inherent property right to sign the annexation petition, it was not denied the opportunity to defend its statutory and property rights by not being a party to this action. Although facially ap-

pealing, the argument that the School District is indispensable because its authority to sign the annexation petition is at issue is misplaced. The more appropriate focus is whether the City could properly count the School District's signature in approving the annexation. The City is the true indispensable party here.[5]

## IV. Timeliness of Service of BRB

The City next contends that the trial court erred in denying its motion to dismiss for lack of jurisdiction. It argues that the respondents' appeal of the BRB's decision was governed by the Administrative Procedure Act (APA), and because the respondents failed to serve the BRB within 30 days of service of the final order as required by the APA, the trial court never obtained jurisdiction of the appeal. The respondents do not dispute that they failed to serve

[5]Although the City also asserts that neither it nor the BRB possessed the authority to rule on the validity of the School District's signature, this assertion is inconsistent with the City's argument in its opening brief that "Renton had the statutory authority to determine whether or not the School District's signature was 'sufficient' on the petition to annex and to certify that the petition contained sufficient signatures. This was accomplished by Renton. No appeal was taken from Renton's decision either by extraordinary writ or action for declaratory judgment." The City's further argument that the respondents' appeal was untimely because they failed to file a writ or declaratory judgment is also inconsistent with its assertion that it lacked the authority to determine the sufficiency of the School District's signature.

The "sufficiency" statute, RCW 35A.01.040, has been amended since the actions taken by the City and the BRB. As amended, it appears that the county auditor and assessor are the officers whose duty it is to determine the sufficiency of a petition. Because neither party addressed these amendments in their briefs, we will not decide whether they are substantive changes or whether they were merely intended to clarify existing law. Rather, for purposes of this ruling, we will assume without holding that the City had the authority under the former version of the statute, as it asserts in its brief, to determine whether the School District's signature was "sufficient." With or without that authority, the City did decide that it was sufficient — though not in such a way as to trigger appeal timelines. But even before the amendment, the statute stated that the petition must contain valid signatures of *qualified* property owners. To the extent that the City assumed the responsibility to determine the sufficiency of the petition, it was required to determine whether the School District was a "qualified" property owner. Its erroneous conclusion in that regard is subject to judicial review.

We need not decide whether the BRB possessed the authority to examine the validity of the School District's signature. Whether it did or not, the court most certainly did possess the authority under RCW 36.93.160(6)(b) and (d).

the BRB within 30 days of service of the final order. They contend, however, that their appeal was governed not by the APA, but rather by the more specific provisions of the Boundary Review Board Act, RCW 36.93. Because they served the BRB within 90 days of filing their notice of appeal, as required under RCW 36.93, the respondents assert that the trial court properly obtained jurisdiction of this appeal. We agree with the respondents.

The respondents filed this appeal in King County Superior Court pursuant to RCW 36.93.160(5), which provides in pertinent part:

> Decisions shall be final and conclusive unless *within thirty days* from the date of the action a governmental unit affected by the decision or any person owning real property or residing in the area affected by the decision *files in the superior court a notice of appeal.*

RCW 36.93.160(5) (emphasis added). Although the statute thus provides that a notice of appeal must be filed within 30 days, it contains no requirement as to the time within which service must be effected. In contrast, the APA requires that an appeal be filed *and* served within 30 days of the service of the final order: "A petition for judicial review of an order shall be filed with the court *and served* on the agency, the office of the attorney general, and all parties of record *within thirty days* after service of the final order." RCW 34.05.542(2) (emphasis added).

█ The City acknowledges that, in general, the Boundary Review Board Act, being the more specific statute, governs the more general APA. Citing *King County v. Washington State Boundary Review Bd.*[6] and *Spokane County Fire Protection Dist. No. 9 v. Spokane County Boundary Review Bd.*,[7] it argues, however, that the general rule does not apply when the BRB Act is silent as to a particular issue. Because the BRB Act is silent as to the number of days

---

[6]122 Wn.2d 648, 860 P.2d 1024 (1993).

[7]97 Wn.2d 922, 652 P.2d 1356 (1982).

within which service must be achieved, the City argues that the 30 day service requirement of the APA controls.

Neither case supports the City's argument. In *King County v. BRB*, the Supreme Court declined to consider King County's argument that Ordinance 9849 prohibited the annexation at issue because King County had failed to raise the effect of the Ordinance before the BRB. In support of its holding, the Court relied on the APA *as well as other sources of authority* for the general proposition that issues not raised before an administrative agency may not be raised on appeal. *King County v. BRB*, 122 Wn.2d at 668, 670-71, n.13. Nowhere in that opinion did the Supreme Court state, or even suggest, that the APA applies to BRB appeals when the BRB Act is silent as to a particular issue. Similarly, in *Fire Protection Dist. No. 9*, the Court simply held that the standard of review set forth in the BRB Act, rather than that set forth in the APA, governed the appeal of a BRB decision. 97 Wn.2d at 925-26. Once again, the Supreme Court did not state, or even suggest, that the APA applies to BRB appeals when the BRB Act is silent as to a particular issue.

■■ The more logical interpretation is that when the BRB Act is silent as to a particular issue, the Superior Court Civil Rules and Title 4 governing civil procedure control. Civil Rule 1, setting forth the scope of the Civil Rules, states in pertinent part: "These rules govern the procedure in the superior court *in all suits of a civil nature* whether cognizable as cases at law or in equity with the exceptions stated in Rule 81." CR 1 (emphasis added). Civil Rule 81(a) provides in pertinent part: "Except where inconsistent with rules or statutes applicable to special proceedings, these rules shall govern all civil proceedings." CR 81(a). Civil Rule 3(a), governing the commencement of actions, states:

> [A] civil action is commenced by service of a copy of a summons together with a copy of a complaint, as provided in rule 4 or by filing a complaint. . . . An action shall not be deemed commenced for the purpose of tolling any statute of limitations except as provided in RCW 4.16.170.

CR 3(a). RCW 4.16.170 states in pertinent part:

> For the purpose of tolling any statute of limitations an action shall be deemed commenced when the complaint is filed or summons is served whichever occurs first. If service has not been had on the defendant prior to the filing of the complaint, the plaintiff shall cause one or more of the defendants to be served personally, . . . *within ninety days from the date of filing the complaint.*

RCW 4.16.170 (emphasis added).

Because RCW 36.93.160(5) contains no requirement as to the time within which service must be affected, we conclude that CR 3(a) and RCW 4.16.170 govern the service of process in appeals of BRB decisions.[8] Accordingly, the respondents were permitted to serve the BRB any time within 90 days of the filing of the notice of appeal. Because it is undisputed that they met this requirement, we hold that the trial court obtained jurisdiction over this appeal, and properly denied the City's motion to dismiss for lack of jurisdiction.[9]

*V. Imposition of Sanctions under CR 11*

At the conclusion of trial, the respondents, as the prevailing parties, filed a cost bill seeking, inter alia, the taxation of costs associated with the preparation of the transcript of the BRB proceedings and the preparation of a copy of the BRB record. In response, the BRB filed an objection to the cost bill contesting the taxation of costs for the transcript and the BRB record. The City filed an identical objection shortly thereafter. On July 12, 1996,

---

[8]*See also East Gig Harbor Improvement Ass'n v. Pierce County,* 106 Wn.2d 707, 724 P.2d 1009 (1986); *North St. Ass'n v. City of Olympia,* 96 Wn.2d 359, 635 P.2d 721 (1981), *disapproved on other grounds by Sidis v. Brodie/Dohrmann, Inc.,* 117 Wn.2d 325, 331, 815 P.2d 781 (1991) (applying the 90 day service requirement of CR 3(a) and RCW 4.16.170 to appeals of administrative decisions under writs of review).

[9]Our holding on this issue renders moot the respondents' argument that the BRB "is simply not a state agency subject to the APA." Accordingly, we do not address that contention.

the respondents filed a reply in support of the cost bill.[10] They argued that because the City and the BRB failed to articulate a legal or factual basis for their objections, the trial court should overrule them. In addition, the respondents argued that because the objections were also frivolous, the court should impose sanctions in the amount of $750.

On July 17, 1996, the trial court signed an order taxing costs and imposing sanctions under CR 11. The order, which was entered on July 23, 1996, stated:

> [B]ecause the [City's and the BRB's] "Objections" to Cost Bill do not comply with the statutory and Civil Rule requirements for a Motion to Retax Costs, do not disclose the legal and factual bases for them (leaving the Water District and Greens to only guess at how to respond), and appear to be filed for the purpose of increasing the cost of litigation to the Greens and the Water District, [the City and the BRB] shall be jointly and severally liable to [respondents] and shall pay to them (through their counsel) within seven (7) days of the date of entry of this Order $250.00 as a sanction pursuant to CR 11.

Clerk's Papers at 637.

The City now contends that the trial court erred in imposing sanctions under CR 11. CR 11 provides, in pertinent part:

> Every pleading, motion, and legal memorandum of a party represented by an attorney shall be dated and signed by at least one attorney of record in the attorney's individual name, whose address and Washington State Bar Association membership number shall be stated. . . . The signature of a party or of an attorney constitutes a certificate by the party or attorney that the party or attorney has read the pleading, motion, or legal memorandum; that to the best of the party's or attorney's knowledge, information, and belief, formed after reasonable inquiry it is *well grounded in fact and is warranted by existing law or a good faith argument for the exten-*

---

[10]Although the respondents assert that a copy of their reply was served on the City both by fax and by mail the same day, the City states that it did not receive the reply until July 15, 1996.

*sion, modification, or reversal of existing law, and that it is not interposed for any improper purpose,* such as to harass or to cause unnecessary delay *or needless increase in the cost of litigation. . . .* If a pleading, motion, or legal memorandum is signed in violation of this rule, the court, upon motion or upon its own initiative, may impose upon the person who signed it, a represented party, or both, an appropriate sanction, which may include an order to pay to the other party or parties the amount of the reasonable expenses incurred because of the filing of the pleading, motion, or legal memorandum, including a reasonable attorney fee.

CR 11 (emphasis added). The rule thus prohibits filings that lack legal or factual bases, and those that are interposed for an improper purpose. *See Bryant v. Joseph Tree, Inc.,* 119 Wn.2d 210, 217, 829 P.2d 1099 (1992). This court reviews the imposition of CR 11 sanctions under the abuse of discretion standard. *Biggs v. Vail,* 124 Wn.2d 193, 197, 876 P.2d 448 (1994); *Madden v. Foley,* 83 Wn. App. 385, 389, 922 P.2d 1364 (1996).

The City argues first that its objection had a sufficient legal basis because no reference to the BRB transcript or record was necessary to the trial court's decision, and thus those costs should not have been taxed. The City's argument is without merit. On review of a BRB's decision, the trial court is limited to the record that was before the BRB. *King County v. BRB,* 122 Wn.2d at 671; RCW 36.93.160(5),(6). As the respondents point out, to enable the trial court to review the decision of the BRB, they were required to provide the trial court with the record that was before the BRB. Although the trial court did not reach the merits of the BRB's determination to approve the annexation, the respondents appealed that determination as well. Thus, they were required to provide the full record to the Superior Court.

The City next argues that because it had not filed a formal motion to retax costs under CR 78(e)(4), the respondents' cost bill "stood as unchallenged" and there was thus no need to expend any time filing a reply brief.

This argument, too, is without merit. Because the City and the BRB filed objections to the cost bill, it did not stand as unchallenged. The only reasonable inference from the record is that the objections, which were filed within the time constraints of CR 78(e)(4), were intended as motions to retax costs. We thus conclude that the respondents acted within their rights in filing a reply brief.

■ Citing *Bryant*, the City next asserts that its due process rights were violated because it was given neither notice nor an opportunity to be heard on the issue of sanctions. In *Bryant*, the Court held that CR 11 procedures " 'obviously must comport with' " the due process requirements of notice and an opportunity to be heard. *Bryant*, 119 Wn.2d at 224 (quoting FED. R. CIV. P. 11 advisory committee's note, 97 F.R.D. 201). The Court noted that the inclusion of a request for sanctions in a reply brief constitutes notice within the requirements of the due process clause. *Bryant*, 119 Wn.2d at 224. Here, the respondents requested CR 11 sanctions in their reply brief. Although it appears that there was no time set for a hearing on the motion, and although the court signed the order on July 17, only two days after the City was served by mail, the order imposing sanctions was not entered until July 23, giving the City eight days to respond. It failed to do so. Moreover, the City failed to move for reconsideration following the entry of the order imposing sanctions. We conclude that under these circumstances, the City was given sufficient notice and opportunity to be heard on the issue of sanctions.

■ Finally, without citation to authority, the City argues that the imposition of $250 in sanctions was inappropriate because the basis of the fee was not disclosed in the record, and the trial court failed to enter a finding that the amount was reasonable. Contrary to the City's argument, the order taxing costs and imposing sanctions explicitly sets forth the bases for the imposition of sanctions. Moreover, the trial court's imposition of $250 in sanctions, in response to the respondents' request for sanc-

tions of $750, is an implicit finding that that amount was reasonable in light of the expenses incurred. We thus conclude that the trial court did not abuse its discretion in imposing sanctions of $250.

Affirmed.

BAKER, C.J., and Cox, J., concur.