957 P.2d 251 (1998)
Gary LEER and Joseph Mills, Appellants,
Conrad Leer, Plaintiff,
v.
WHATCOM COUNTY BOUNDARY REVIEW BOARD and the City of Blaine, Respondents.
No. 38811-8-I.
Court of Appeals of Washington, Division 1.
May 18, 1998.
*252 Rolf G. Beckhusen, Bellingham, for Appellants.
John C. Belcher, Belcher Swanson Lackey Doran Lewis Robertson, Jack Oscar Swanson, Voris Belcher Swanson & Lackey, Karn Frakes, Deputy Prosecuting Attorney, Whatcom County Prosecutor's Office, Bellingham, for Respondents.
GROSSE, Judge.
A boundary review board's jurisdiction does not arise from an annexation petition, but instead arises from the filing of a notice of intention under RCW 36.93.090. As a result, the sufficiency of the annexation petition in the City of Blaine's proposed annexation of the East Blaine Area is not a jurisdictional issue. And because the validity of the petition was not considered by the Washington State Boundary Review Board for Whatcom County, RCW 36.93.160 precludes review of this issue as well as several other contentions made by Gary Leer and Joseph Mills (collectively referred to as Leer) for the first time on appeal.

FACTS
The Blaine City Council approved for circulation a petition for annexation of the East Blaine Area, a two and one-half mile long, half mile wide area directly east of the city. The western one-fourth of the land is somewhat urbanized, consisting primarily of two housing subdivisions, and the eastern three-fourths is rural. The Blaine City Clerk certified that the petition's signatures represented in excess of 60 percent of the property value in the area, and the City of Blaine *253 submitted a Notice of Intention and Request for Review with the Whatcom County Boundary Review Board (Board) in accordance with RCW 36.93.090. The Board approved the annexation by a 3-2 vote.
Leer appealed the decision in Whatcom County Superior Court pursuant to RCW 36.93.160(5). The superior court: (1) refused to hear new evidence not considered by the Board; (2) held that the sufficiency of the petition, while necessary for adoption of the ordinance, was not necessary to confer jurisdiction on the Board; and (3) concluded that there was substantial evidence to support the Board's conclusion that, overall, the objectives of RCW 36.93.180 would be furthered rather than hindered by the approval of proposed annexation. Leer appeals.

DISCUSSION
Leer makes several allegations regarding the validity of the Board's decision concerning the City of Blaine's proposed annexation of the East Blaine Area. In support of these allegations, he offers evidence not brought before the Board, including evidence regarding the sufficiency of the petitions gathered in support of the annexation, and a decision by the Western Washington Growth Management Hearing Board (Growth Management Hearing Board) declaring that the Blaine interim urban growth area failed to comply with the Growth Management Act. His allegations, however, are not jurisdictional in nature and, therefore, he is prohibited from raising them for the first time on appeal.
Leer's allegations regarding the sufficiency of the petitions gathered in support of the annexation range from the lack of a statutory text or prayer on each page of the petition as required by RCW 35A.01.040, to defects in the petition signatures that would bring the percentage of assessed value below the 60 percent margin required for an annexation. He acknowledges that the RCW 36.93.160(5) limitations on appeal of substantive issues not presented to the Board do not apply to collateral attacks on jurisdictional grounds.[1] He therefore argues that the defects in the petition deny the Board jurisdiction to review the notice of intention.
The petition issue, however, is not jurisdictional because a boundary review board's jurisdiction is not dependent upon the validity of a petition in support of an annexation, but instead comes from RCW 36.93.090 and RCW 36.93.100.
Whenever any of the following described actions are proposed in a county in which a board has been established, the initiators of the action shall file within one hundred eighty days a notice of intention with the board: PROVIDED, That when the initiator is the legislative body of a governmental unit, the notice of intention may be filed immediately following the body's first acceptance or approval of the action. The board may review any such proposed actions pertaining to:
(1) The: (a) Creation, incorporation, or change in the boundary, other than a consolidation, of any city, town, or special purpose district....[[2]]
The board shall review and approve, disapprove, or modify any of the actions set forth in RCW 36.93.090 when any of the following shall occur within forty-five days of the filing of a notice of intention:
....
(2) Any governmental unit affected, including the governmental unit for which the boundary change or extension of permanent water or sewer service is proposed, or the county within which the area of the proposed action is located, files a request for review of the specific action[.][[3]]
The initial annexation petition to the legislative authority of the local government filing the petition provides no authority for board action, nor does its invalidity prevent the board from acting.[4]
*254 When the City of Blaine submitted to the Board its Notice of Intention for Annexation and a Request to Review, it acted in accordance with the statute, and no further action was required for the Board to obtain jurisdiction over the matter. As a result, because the issue of the annexation petition was not properly placed before the Board, it cannot be reviewed by this court considering the limited nature of review permitted under RCW 36.93.160.
For the same reasons, evidence of the Growth Management Hearing Board's decision cannot be considered on appeal. Leer cites the Administrative Procedure Act in stating that because he was unaware of the Growth Management Hearing Board's decision, he should be allowed to present evidence of that decision for the first time on appeal.[5] Contrary to his assertions, however, a boundary review board is a local agency, not a state agency, and as such, the Administrative Procedure Act does not apply to appeals of its decisions.[6] Appeals of these decisions are governed by RCW 36.93.160(5), which limits our review to consideration only of evidence directly before the Board. And in conducting this review, we apply "the standards contained in the Boundary Review Board Act, RCW 36.93.160, directly to the record before the boundary review board rather than to the decision of the superior court."[7] Evidence of the Growth Management Hearing Board's decision was not before the Board, and will not be considered now on appeal.
Leer also contends that a boundary review board decision that fails to achieve the objectives of RCW 36.93.180 is reversible, and these objectives are not achieved by the annexation of the East Blaine Area.[8] The objectives include:
(1) Preservation of natural neighborhoods and communities;
(2) Use of physical boundaries, including but not limited to bodies of water, highways, and land contours;
(3) Creation and preservation of logical service areas;
(4) Prevention of abnormally irregular boundaries;
(5) Discouragement of multiple incorporations of small cities and encouragement of incorporation of cities in excess of ten thousand population in heavily populated urban areas;
(6) Dissolution of inactive special purpose districts;
(7) Adjustment of impractical boundaries;
(8) Incorporation as cities or towns or annexation to cities or towns of unincorporated areas which are urban in character; and
(9) Protection of agricultural and rural lands which are designated for long term productive agricultural and resource use by a comprehensive plan adopted by the county legislative authority.[[9]]
He concedes that objective 2 has been achieved, and that objectives 5, 6, 7, and 9 are inapplicable, but he asserts that that the remaining objectives are hindered. We disagree because there is sufficient evidence in the record to convince a fair-minded person that, overall, the objectives of RCW 36.93.180 will be furthered by approval of the proposed annexation.
Objective 1: Preservation of natural neighborhoods. The phrase "natural neighborhoods" *255 means "either distinct geographical areas or socially and locationally distinct groups of residents."[10] The Board concluded that this objective was not applicable. Leer argues to the contrary that the objective is not achieved because three-fourths of the area is either rural or protected, and nearly all of the opposition comes from the one-fourth that is "somewhat urbanized." Leer cites to a footnote in King County v. Washington State Boundary Review Board for King County, where the court found that there was no evidence in the record to support a board's findings that a proposed annexed area was socially within the natural community of an annexing city.[11] Leer fails to note, however, that the court found that the objective would be furthered because the record supported the board's findings that the area was geographically part of the city's community.[12] While the eastern portions of the proposed annexation here are sparsely populated, there is little argument that it is not geographically part of the City of Blaine. Additionally, there is no evidence that the area consists of a socially and locationally distinct group of residents. This objective appears to be furthered by the proposed annexation, and at the very least is not hindered by it.
Objective 3: Creation and preservation of logical service areas. The Board concluded that this objective was furthered. Leer contends that while the City of Blaine may be a logical source of many services in the future, it lacks the capability to provide those services currently. He further contends that the annexation "area is now adequately served by septic systems, wells, some city water, and Fire District 13." The Board noted that both Whatcom County and the City of Blaine had identified the area as an urban growth area. Even the dissenting votes on the Board acknowledged that the City of Blaine, in the future, would be the only logical purveyor of services to the area. In fact, the City currently serves a portion of the area, and no other entity is capable now, or in the foreseeable future, of providing municipal services to the area. Additionally, the area is part of an overall planning process for planned development, protection of groundwater, and control over the watershed and wellhead protection areas. The record sufficiently establishes that this objective would be furthered by annexation.
Objective 4: Prevention of abnormally irregular boundaries. The Board concluded that the annexation neither causes nor prevents abnormally irregular boundaries. Leer argues that the record supports a conclusion that the boundary is irregular. This objective does not focus "on whether the annexation boundaries are straight or crooked, but rather whether a proposed annexation causes or prevents unnatural projections or odd, impractical shapes."[13] The proposed annexation here, only one-half mile wide and two and one-half mile long, does give the city boundary an irregular shape. The question, however, is whether the shape is abnormally irregular. Due to a lack of details regarding the area, the record does not sufficiently indicate whether this objective is more hindered than furthered by the annexation.
Objective 8: Incorporation as cities or towns or annexation to cities or towns of unincorporated areas which are urban in character. The Board concluded that approximately one-fourth of the proposed annexation area was somewhat urbanized, and the remainder consisted of large undeveloped parcels. Leer concedes that this objective is partially accomplished, but asserts that the western three-fourths of the annexation is completely rural. The City argues that "[t]here are large portions of land within the proposed annexation area which it is not desirable to urbanize[,]" including an area "where development would adversely affect *256 Blaine's water source, well protection areas and wetlands." There is sufficient evidence to support the Board's finding that this objective is furthered by annexation.
"A decision is supported by substantial evidence if `the record contains evidence of sufficient quantity to persuade a fair-minded, rational person of the truth of the declared premise.'"[14] Leer concedes that objective 2 is met, and that objective 8 is partially met. No natural neighborhoods are destroyed under objective 1, and the annexation creates and preserves logical service areas under objective 3. There is insufficient evidence regarding the boundary, but even if it is irregular, there is sufficient evidence in the record to convince a fair-minded person that, overall, the objectives of RCW 36.93.180 would be furthered rather than hindered by approval of the proposed annexation.
The trial court is affirmed.
COLEMAN and COX, JJ., concur.
NOTES
[1] City of Bellevue v. King County Boundary Review Board, 90 Wash.2d 856, 862, 586 P.2d 470 (1978).
[2] RCW 36.93.090.
[3] RCW 36.93.100.
[4] But see King County Water District 90 v. City of Renton, 88 Wash.App. 214, 944 P.2d 1067 (1997) (holding that an annexation petition was insufficient, and the boundary review board lacked jurisdiction to consider the annexation where the Renton School District did not have authority to sign the petition, and without the school district's signature, the petition lacked signatures of 60 percent of the assessed value required for annexation).
[5] RCW 34.05.554
[6] Kitsap County Fire Protection District 7 v. Kitsap County Boundary Review Board, 87 Wash. App. 753, 757-58, 943 P.2d 380 (1997).
[7] King County Water Dist. 90 v. City of Renton, 88 Wash.App. at 220, 944 P.2d 1067.
[8] King County v. Washington State Boundary Review Board for King County, 122 Wash.2d 648, 672-73, 860 P.2d 1024 (1993).
[9] RCW 36.93.180.
[10] Spokane County Fire Protection District 9 v. Spokane County Boundary Review Board, 97 Wash.2d 922, 927 n. 2, 652 P.2d 1356 (1982).
[11] King County v. Washington State Boundary Review Bd., 122 Wash.2d at 677 n. 15, 860 P.2d 1024.
[12] King County v. Washington State Boundary Review Bd., 122 Wash.2d at 676-77, 860 P.2d 1024.
[13] King County v. Washington State Boundary Review Bd., 122 Wash.2d at 678, 860 P.2d 1024.
[14] King County v. Washington State Boundary Review Bd., 122 Wash.2d at 675, 860 P.2d 1024 (citation omitted).