[No. 21434-6-III.   Division Three.   January 15, 2004.]

ALLEN SKIMMING, ET AL., *Respondents*, v. FRANCINE BOXER, ET AL., *Appellants*.

750

*Hugh T. Lackie* and *Heather C. Yakely* (of *Evans, Craven & Lackie, P.S.*) and *Steven J. Tucker, Prosecuting Attorney*, and *Timothy M. Durkin, Deputy*, for appellants.

*Steven L. Jones* (of *Eymann, Allison, Fennessy, Hunter, Jones, P.S.*) and *Dustin D. Deissner* (of *Deissner Law Firm, P.L.L.C.*), for respondents.

SWEENEY, J. — This is an appeal from the denial of an award of attorney fees to the defendant Spokane County (County) and its chief executive officer, Francine Boxer. The

claim for fees followed the dismissal of the plaintiffs' civil suit against them. We find no abuse of discretion in the trial judge's refusal to award fees and costs based on a frivolous lawsuit or one otherwise made for any improper purpose. And the defendants are not entitled to an award based on their assertion of immunity under former RCW 4.24.510 (1999). We therefore affirm the decision of the trial court denying fees.

## FACTS

Spokane County citizen Lisa O'Kelly complained to Spokane County that she did not sign a warranty deed conveying a right-of-way to the county. Spokane County Commissioner Kate McCaslin asked Francine Boxer, Spokane County chief executive officer, to investigate. Ms. Boxer concluded that someone "possibly" forged Ms. O'Kelly's signature.

Allen Skimming is a Spokane County right-of-way agent. He was responsible for this transaction. He notarized a signature as Ms. O'Kelly's. Mr. Skimming denied anything improper.

Sheriff's Detective Mark Stewart investigated Ms. O'Kelly's complaint. Forensic handwriting specialists reviewed the records and exemplars of Ms. O'Kelly's signature. Both concluded that Ms. O'Kelly's signature had been traced and was not genuine.

In June of 2000, the State charged Mr. Skimming with one felony offense (altering a public record) and one misdemeanor offense (official misconduct (notary)). The County placed Mr. Skimming on administrative leave with pay and benefits while the criminal case was pending. A jury acquitted him in February of 2001. He remained on administrative leave until March 27, 2001.

A newspaper article reported the jury's verdict and included a statement from Ms. Boxer that "[w]e're disappointed with the verdict." Clerk's Papers (CP) at 96. The International Federation for Professional and Technical

Engineers, Local 17, Mr. Skimming's union, signed a petition demanding an apology from Ms. Boxer for her comments. Ms. Boxer called the union's demand for an apology "nothing short of ludicrous." CP at 245. And she said her earlier statement "more than accurately reflects [her] opinion of the jury's verdict." CP at 245. The union renewed its demand for an apology in a separate press release. Ms. Boxer responded that "[i]t 'll be a cold day in hell" before she would apologize. CP at 245.

Mr. Skimming hired lawyer Russell Van Camp and filed a tort claim with Spokane County. The County denied the claim as "not well grounded in fact or in law, [and] completely devoid of any merit." CP at 357. Mr. Skimming sued Spokane County and Francine Boxer nonetheless. He claimed three causes of action: (1) defamation, (2) infliction of emotional distress (either intentionally or negligently), and (3) violation of certain civil rights. CP at 4-5. Spokane County raised a number of affirmative defenses, including immunity under former RCW 4.24.510.

The County asked Mr. Skimming's counsel to sign a stipulated order of dismissal. He refused. The County and Ms. Boxer moved for summary judgment. Mr. Skimming requested a continuance. The court denied the request for a continuance and dismissed his complaint.

The County and Ms. Boxer asked for attorney fees and costs as the prevailing party, pursuant to CR 11 and CR 54, and pursuant to former RCW 4.24.510 and RCW 4.84.185. The trial court awarded defendants only costs as prevailing party on summary judgment under CR 54. But the court denied attorney fees under CR 11, RCW 4.84.185, and former RCW 4.24.510.

The County and Ms. Boxer both appeal the denial of reasonable attorney fees and costs under CR 11, RCW 4.84.185, and former RCW 4.24.510.

## DISCUSSION

### CR 11 Fees

■■ Attorney fees under either CR 11 or RCW 4.84.185 are discretionary with the trial judge. *Tiger Oil Corp. v. Dep't of Licensing*, 88 Wn. App. 925, 937-38, 946 P.2d 1235 (1997). Our inquiry is "whether the court's conclusion was the product of an exercise of discretion that was manifestly unreasonable or based on untenable grounds or reasons." *Id.* at 938. Our deference accounts for the trial judge's personal and sometimes exhaustive contact with the case.[1]

■ CR 11[2] permits reasonable attorney fees and costs incurred because of a bad faith filing of pleadings for an improper purpose or by filing pleadings that are not grounded in fact or warranted by law. *Wood v. Battle Ground Sch. Dist.*, 107 Wn. App. 550, 574, 27 P.3d 1208 (2001). We apply an objective standard to determine whether sanctions are merited. The question is whether a reasonable attorney in a like circumstance could believe his or her actions to be factually and legally justified. *Bryant v. Joseph Tree, Inc.*, 119 Wn.2d 210, 220, 829 P.2d 1099 (1992).

■ The purpose of the rule is to deter baseless filings and curb abuses of the judicial system. *Biggs v. Vail*, 124 Wn.2d 193, 197, 876 P.2d 448 (1994). And a filing is baseless if it is not well grounded in fact, or not warranted by existing law or a good faith argument for altering existing law. *Blair v. GIM Corp.*, 88 Wn. App. 475, 482-83, 945 P.2d 1149 (1997). "The burden is on the movant to justify the

---

[1] *E.g., Eugster v. City of Spokane*, 110 Wn. App. 212, 231, 39 P.3d 380 (trial judge is in a better position than an appellate court to decide issues of this nature) (citing *Wash. State Physicians Ins. Exch. & Ass'n v. Fisons Corp.*, 122 Wn.2d 299, 339, 858 P.2d 1054 (1993)), *review denied*, 147 Wn.2d 1021 (2002); *Miller v. Badgley*, 51 Wn. App. 285, 300, 753 P.2d 530 (1988) (trial court has " 'tasted the flavor of the litigation and is in the best position to make these kinds of determinations' " (quoting *Westmoreland v. CBS, Inc.*, 770 F.2d 1168, 1174 (D.C. Cir. 1985))).

[2] CR 11 provides, in part: "[T]he court, upon motion or upon its own initiative, may impose . . . an appropriate sanction, which may include an order to pay to the other party or parties the amount of the reasonable expenses incurred because of the filing of the pleading, motion, or legal memorandum, including a reasonable attorney fee."

request for sanctions." *Biggs*, 124 Wn.2d at 202. CR 11 sanctions have a potential chilling effect. And so the trial court should impose sanctions only when it is patently clear that a claim has absolutely no chance of success. *In re Cooke*, 93 Wn. App. 526, 529, 969 P.2d 127 (1999). The fact that a complaint does not prevail on its merits is not enough. *Bryant*, 119 Wn.2d at 220.

The County invites us to independently review this record since the court did not enter findings. This we will not do.

First, a court need not enter findings when the request for CR 11 sanctions is rejected. It is the decision *to impose* the sanction that must be supported by the record.[3] Second, the threshold for imposition of these sanctions is high.[4]

The County and Ms. Boxer direct us to extensive findings of fact and conclusions of law filed as part of the summary judgment to support their argument for sanctions. Those findings, like any findings in an order granting summary judgment, are gratuitous, superfluous, and of no consequence here on appeal. *Chelan County Deputy Sheriffs' Ass'n v. County of Chelan*, 109 Wn.2d 282, 294 n.6, 745 P.2d 1 (1987).

Nothing in this record suggests Mr. Skimming's lawsuit was filed for the purpose of harassment, delay, nuisance, or spite. Mr. Skimming and others thought that the County's, and particularly Ms. Boxer's, reaction was hostile and incriminating. The fact that the trial judge dismissed Mr.

---

[3] *See, e.g., Biggs*, 124 Wn.2d at 201 (when imposing CR 11 sanctions, the court must enter findings to specify the conduct which is sanctionable); *Blair*, 88 Wn. App. at 483 (remanding for entry of findings to justify imposition of CR 11 sanctions where record does not explain why it believed the pleading to be groundless); *Rhinehart v. Seattle Times, Inc.*, 59 Wn. App. 332, 342, 798 P.2d 1155 (1990) (when imposing sanctions, the court must make an adequate record for appellate review); *John Doe v. Spokane & Inland Empire Blood Bank*, 55 Wn. App. 106, 111-12, 780 P.2d 853 (1989) (same).

[4] *See Biggs*, 124 Wn.2d at 197 (CR 11 is not to act as a fee-shifting mechanism); *Mellor v. Chamberlin*, 100 Wn.2d 643, 649, 673 P.2d 610 (1983) (observing that under "American Rule," parties should pay their own attorney fees); *In re Eaton*, 48 Wn. App. 806, 814, 740 P.2d 907 (1987) ("Attorney fee awards are not favored in this state, and will not be granted absent contract, statute, or recognized ground in equity."), *rev'd on other grounds*, 110 Wn.2d 892, 757 P.2d 961 (1988).

Skimming's complaint does not mean that the trial judge abused his discretion in refusing to impose CR 11 terms.

We cannot say that the trial court's denial of CR 11 sanctions was unreasonable or based on untenable grounds here. *See Cooke,* 93 Wn. App. at 529.

## RCW 4.84.185 FEES

■ RCW 4.84.185[5] authorizes the trial court to award to the prevailing party "the reasonable expenses, including fees of attorneys, incurred in opposing" a frivolous action. Sanctions against a party, not that party's attorney, are available under RCW 4.84.185. *Havsy v. Flynn,* 88 Wn. App. 514, 521, 945 P.2d 221 (1997).

■ The statute is designed to discourage abuses of the legal system by providing for an award of expenses and legal fees to any party forced to defend against meritless claims advanced for harassment, delay, nuisance, or spite. *Suarez v. Newquist,* 70 Wn. App. 827, 832-33, 855 P.2d 1200 (1993). It is not, however, a substitute for more appropriate pretrial motions, CR 11 sanctions, or complaints to the bar association. *Biggs v. Vail,* 119 Wn.2d 129, 137, 830 P.2d 350 (1992).

■ "A lawsuit is frivolous when it cannot be supported by any rational argument on the law or facts." *Tiger Oil,* 88 Wn. App. at 938. It must be frivolous in its entirety; if any of the asserted claims are not frivolous, the action is not frivolous. *Biggs,* 119 Wn.2d at 136-37; *Forster v. Pierce County,* 99 Wn. App. 168, 183-84, 991 P.2d 687 (2000). Here,

---

[5] RCW 4.84.185 provides:

"In any civil action, the court having jurisdiction may, upon written findings by the judge that the action . . . was frivolous and advanced without reasonable cause, require the nonprevailing party to pay the prevailing party the reasonable expenses, including fees of attorneys, incurred in opposing such action . . . . This determination shall be made upon motion by the prevailing party after a voluntary or involuntary order of dismissal, order on summary judgment, final judgment after trial, or other final order terminating the action as to the prevailing party. The judge shall consider all evidence presented at the time of the motion to determine whether the position of the nonprevailing party was frivolous and advanced without reasonable cause. In no event may such motion be filed more than thirty days after entry of the order."

the trial court concluded that even the claim it perceived to be the weakest was not frivolous. The issues were, at least, then debatable on balance.

Mr. Skimming faced serious criminal charges related to his activities at work. His employer placed him on leave for almost a year pending the outcome. He was acquitted by a jury. Then his employer made a statement to the media suggesting it had knowledge that the acquittal was erroneous. Mr. Skimming believed he was wronged and his lawyers asserted an assortment of legal theories in an attempt to recompense that wrong.

The court did not abuse its discretion by refusing fees and costs pursuant to RCW 4.84.185 for an action it specifically found not to be frivolous. *See also Bill of Rights Legal Found. v. The Evergreen State Coll.*, 44 Wn. App. 690, 697, 723 P.2d 483 (1986).

FORMER RCW 4.24.510 FEES

██ ██ First, the County and Ms. Boxer raised former RCW 4.24.510 (immunity from civil liability for communications to a government agency) as an independent basis for fees only in their reply brief at the trial court. This probably comes too late.[6] We nonetheless review the assignment of error. Our review is de novo.[7]

---

[6] *See Cowiche Canyon Conservancy v. Bosley*, 118 Wn.2d 801, 809, 828 P.2d 549 (1992) ("An issue raised and argued for the first time in a reply brief is too late to warrant consideration."); *In re Marriage of Sacco*, 114 Wn.2d 1, 5-6, 784 P.2d 1266 (1990) (refusing to consider request for fees under RAP 10.3 not raised until the reply brief); *but see King County Water Dist. No. 90 v. City of Renton*, 88 Wn. App. 214, 231, 944 P.2d 1067 (1997) (court properly heard request for CR 11 sanctions made for the first time before the trial court in a reply brief because opposing party was otherwise given sufficient notice to seek them).

[7] *See Seattle Filmworks, Inc. v. Dep't of Revenue*, 106 Wn. App. 448, 453, 24 P.3d 460 (proper construction of statute is question of law; review is de novo), *review denied*, 145 Wn.2d 1009 (2001); *Tradewell Group, Inc. v. Mavis*, 71 Wn. App. 120, 126-27, 857 P.2d 1053 (1993) (whether statute authorizes attorney fees is question of law subject to de novo review).

■ ■ Former RCW 4.24.510[8] grants immunity from civil liability for those who complain to their government regarding issues of public interest or social significance. *Right-Price Recreation, L.L.C. v. Connells Prairie Cmty. Council*, 146 Wn.2d 370, 382, 46 P.3d 789 (2002). The act is primarily intended to prevent SLAPP lawsuits—Strategic Lawsuits Against Public Participation. *Id.* The immunity under the statute is for communications to a public officer who is authorized to act on the communication. *Id.*; *Gilman v. MacDonald*, 74 Wn. App. 733, 737-39, 875 P.2d 697 (1994).

■ On its face, the statute does not apply here for a number of reasons. First, the alleged defamatory comments were Ms. Boxer's communications to a newspaper, not to a public officer. Second, the communication could not have been intended to influence government action or outcome. *Right-Price*, 146 Wn.2d at 382. Ms. Boxer complained about the outcome of a prosecution but she complained post-prosecution. Third, the action must be against a nongovernment individual or organization. *Id.* Ms. Boxer is chief executive officer of Spokane County, and Spokane County is a government entity to whom complaints under this statute are protected. And, finally, the communication does not relate to a substantive issue of interest or social significance.

Accordingly, former RCW 4.24.510 simply does not apply as a matter of law.

---

[8] Former RCW 4.24.510 provided: "A person who in good faith communicates a complaint or information to any agency of federal, state, or local government, or to any self-regulatory organization that regulates persons involved in the securities or futures business and that has been delegated authority by a federal, state, or local government agency and is subject to oversight by the delegating agency, is immune from civil liability for claims based upon the communication to the agency or organization regarding any matter reasonably of concern to that agency or organization. A person prevailing upon the defense provided for in this section shall be entitled to recover costs and reasonable attorneys' fees incurred in establishing the defense."

759

We affirm the decision of the trial judge and deny any fees on appeal.

BROWN, C.J., and KURTZ, J., concur.